(89 Misc. Rep. 495)

### MOLLNOW et al. v. RAFTER, Mayor, et al.

(Supreme Court, Equity Term, Niagara County. March 17, 1915.)

1. MUNICIPAL CORPORATIONS ☞747—TORTS OF POLICE OFFICER—LIABILITY OF CITY.

Where a police officer, in making an arrest, uses unnecessary force amounting to an assault, the victim of the assault has no remedy against the city, but must look to the officer alone for compensation.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1570–1577; Dec. Dig. ☞747.]

2. MUNICIPAL CORPORATIONS ☞871—"GIFT TO AN INDIVIDUAL"—JUDGMENT AGAINST OFFICER—PAYMENT BY CITY.

A direction of a city council that the city treasurer pay a judgment rendered against a police officer for an assault committed by him in making an arrest, being a "gift to an individual," within Const. art. 8, § 10, prohibiting such gifts, was invalid, notwithstanding Home Rule Act (Laws 1913, c. 247, art. 2a) § 20, par. 5, empowering cities to pay claims equitably payable by the cities, though not constituting obligations legally binding on them.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1817; Dec. Dig. ☞871.

For other definitions, see Words and Phrases, First and Second Series, Individual.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3.** INJUNCTION ⊜═88—PAYMENT OF PUBLIC MONEY—REIMBURSEMENT FOR EX-
PENSES.

Where a city council has ordered that a police officer be reimbursed for
his expenses incurred in defending an action against him for an assault
claimed to have been committed in the course of public duty, the court
will leave it to the city treasurer's discretion whether he will pay such
claim, and will not enjoin him, at the instance of a taxpayer, from paying
same.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 160; Dec. Dig.
⊜═88.]

Action by Edward A. Mollnow and another against John A. Rafter,
Mayor of North Tonawanda, and others. Decision for plaintiffs.

Elias Root, of North Tonawanda, for plaintiffs.

A. F. Premus, of Tonawanda (James P. Lindsay, of North Tona-
wanda, of counsel), for defendants.

POUND, J. Defendant Frank X. Kinzly was and is a police offi-
cer of the city of North Tonawanda. Edward Wiedman, then an
infant, by guardian ad litem, sued him in the Supreme Court in June,
1908, for an assault. Kinzly sought to justify on the ground that
the force complained of was rightfully and necessarily used in mak-
ing a lawful arrest. The first trial of the action resulted in a ver-
dict for the defendant. Judgment entered thereon was reversed. On
the second trial plaintiff recovered a verdict of $250. Judgment en-
tered thereon was also reversed. On the third trial plaintiff recov-
ered a verdict of $100. Judgment was entered thereon in Niagara
county clerk's office on February 20, 1914, for $531.92, including costs
and disbursements of three trials and two appeals.

[1] The common council of the city of North Tonawanda has di-
rected that an order be drawn in favor of Kinzly for $596.92 to pay
this judgment for $531.92 and also $40 for legal expenses in prepara-
tion of brief on appeal and $25 for printing appeal book and brief on
appeal. The order has been drawn and payment demanded from the
city treasurer, who says he threatens to pay the same. Plaintiffs
bring this taxpayers' action to restrain the payment of the claim, on
the ground that it is an attempted gift of city money to an individual,
and as such prohibited by section 10 of article 8 of the Constitution
of the state of New York. Defendants make no claim that the city
is *legally obligated* to pay the judgment; it being elementary that
police officers are called upon to answer for their torts in connection
with the preservation of the peace, the same as any other citizen, and
that Kinzly took the risk of being called upon to defend in the courts
his conduct as a police officer when he assumed the duties of the
position. The city of North Tonawanda would be going beyond its
strict legal duty to pay even the expenses of a successful defense of
a police officer charged with assault in the course of public duty.
When the officer exceeds the use of necessary and reasonable force in
making an arrest, or makes an unlawful arrest, he ceases to act on
behalf of the city, and assumes the entire responsibility himself. Vic-
tims of his rashness have no civil remedy, except against the individ-

⊜═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ual, and have no right to look to the city for compensation. Donahue v. Keeshan, 91 App. Div. 602, 87 N. Y. Supp. 144.

[2] But it is urged by the defendants that the so-called Home Rule Act (Laws 1913, c. 247, art. 2a) § 20, par. 5, explicitly provides that a city "is empowered to pay * * * claims *equitably* payable by the city, though not constituting obligations *legally* binding on it," and that *equitably* this judgment against Kinzly is a claim payable by the city. The act does not purport to enlarge the constitutional prohibition against giving city money to individuals, and it specifically provides that the city "shall have no power to grant extra compensation to any public officer, servant or contractor."

The common council may appropriate this money for this purpose unless it is "a gift to an individual." As to whether it is or is not "a gift to an individual" depends (1) on who receives the money, and (2) what, if any, moral duty equity and good conscience impose on the city authorities to pay such individual. The payment of the Wiedman judgment by the city at this time would essentially be a payment to Wiedman, and in no sense the payment of expenses incurred or money expended by Kinzly as a public officer. It is not claimed that Kinzly has paid the judgment. The city is to furnish him with the money to pay it, and this action might be sustained on the theory that the payment would be a gift to Kinzly himself, because he might not use the money, if he received it, for the purpose of paying Wiedman. Kinzly offers, however, to furnish the city treasurer with a satisfaction of the judgment if the city treasurer will pay the order, and we shall assume that the money will be used to pay the judgment.

The fact that Wiedman's judgment is against a police officer places the city under no obligation to pay it. The city is neither legally nor equitably *bound* to pay judgments against police officers. It has always been the rule in this state that the city is not liable for the acts of police officers in the discharge of their public duties. 28 Cyc. 1300.

The defendants' doctrine of nonbinding equitable claims under the Home Rule Act, if applied to such cases as this, would be fraught with many dangers. The city, being under no legal obligation to pay, could not be *compelled* to pay such judgment. If it might, *in its discretion*, pay, it might pay A., and refuse to pay B., when both had recovered damages against a police officer for assault inflicted in the same illegal arrest. It might pay judgments recovered against police officers by Attorney X., and refuse to pay judgments recovered by Attorney Y. If it should be held that Wiedman could be paid, the common council of a city might, in its discretion, audit such claims without suit.

Equity is not law turned upside down. It would be immoral for a city to have an oversensitive conscience in allowing fancied moral claims against it. The allowance of an equitable claim against a city, as distinguished from a legal claim, suggests in the main the waiver of some technical defense, such as the failure to present a verified claim, rather than the recognition or creation of an obligation which the law says is fundamentally a claim against an individual, and not in any sense a claim against the city. It follows that Wiedman has

no claim against the city, and that to take the city's money to pay him would be a gift to him, and thus inhibited by the Constitution, whether the money passes through Kinzly's hands or not.

State ex rel. Crow v. St. Louis, 174 Mo. 125, 73 S. W. 623, 61 L. R. A. 593, was the case of a policeman who, pursuant to orders and in discharge of his duty to prevent and remove nuisances in the streets, shot at a mad steer in the street, but, though using due care, hit a child, for which judgment was recovered against him. It was held that the city might reimburse him without violating a constitutional provision like ours. The opinion is notable as a specimen of judicial humor, but the court merely holds, in principle, that a police officer may be reimbursed for necessary expenses incurred in removing a nuisance from a public street, and the decision is not in conflict with the views above expressed.

[3] There remains to be considered whether Kinzly may lawfully be paid his expenses incurred in defending the case. It does not appear that he was authorized by the common council to employ counsel and defend the case at the expense of the city; but, under the Home Rule act above cited, I assume that the council may now ratify his action in doing so, if it could have authorized it in the first place. I hesitate to hold unnecessarily that the Legislature cannot provide that a city may assume the necessary expense of defending a police officer who is sued for an alleged assault claimed to have been committed in the course of public duty. As it has never been so held, I shall not restrain the payment of the small portion of this claim which relates thereto, leaving it to the city treasurer to exercise his judgment thereon, for I think that, in this case, his threats of paying the claim if not restrained are technical, and for the purpose of provoking this action, rather than indicative of a purpose to waste the city's money if not restrained.

Prepare decision accordingly, but without costs to either party as against the other.