34424. BOONE *v.* CITY OF COLUMBUS.

DECIDED FEBRUARY 28, 1953.

*W. Stanford Willis,* for plaintiff in error.

*Wm. DeL. Worsley, Albert W. Stubbs,* contra.

FELTON, J. ▮ In · Georgia a municipal corporation is not liable in damages for injuries arising from the exercise of a governmental function. Code, § 69-301. The collection and transportation of garbage by a city employee is a governmental function. *Love* v. *City of Atlanta,* 95 *Ga.* 129 (22 S. E. 29); *City of Brunswick* v. *Volpian,* 67 *Ga. App.* 654 (21 S. E. 2d, 442); *Mayor &c. of Savannah* v. *Jones,* 149 *Ga.* 139 (2) (99 S. E. 294); *Mayor &c. of Savannah* v. *Jordan,* 142 *Ga.* 409 (83 S. E. 109). This proposition is so well settled, regardless of some rather strong opposition to such a rule of law, that citation of authority is in fact superfluous. No nuisance is involved. This rule is not disputed in this case, but it is insisted that the

city commissioners can and should waive the immunity and pay the claim. We think this question also has been settled by the cases which hold that a municipality cannot ratify the unlawful acts of its subordinate officials done in pursuance of its governmental functions so as to make itself liable for such acts. *Davis v. City of Rome,* 23 *Ga. App.* 188 (3) (98 S. E. 231); *Brown v. City of Union Point,* 52 *Ga. App.* 212 (1) (183 S. E. 78). See also 63 C.J.S., Municipal Corporations, 56, § 763. Ratification is the same in principle with respect to the question under discussion as waiver of immunity. The fundamental reason (in addition to the constitutional prohibition, Code, Ann., § 2-5402) prohibiting either is that there is no provision of law for raising the funds with which to pay a claim not authorized or recognized by law. It stands to reason that a municipal corporation cannot make an illegal act legal by a simple act of waiver. In so doing it would be encroaching on the powers of the State, of which it is only a creature. Foreign authorities are to the same effect. 38 Am. Jur., Mun. Corp., 89, § 398; Tompkins *v.* Williams, (Tex.) 62 S. W. 2d, 70; Caudill *v.* Pinsion, 233 Ky. 12 (24 S. W. 2d, 938); Mollnow *v.* Rafter, 89 Misc. 495 (152 N. Y. Supp. 110, 89 A.L.R. 398).

■ There is no justiciable controversy alleged or passed upon insofar as the city's right to procure liability insurance is concerned. There are no issues and no parties. The prayers in this respect are no more than prayers for an advisory opinion, which the trial court was without authority to render.

The judgment of the trial court is affirmed as to its opinion regarding the city's waiver of immunity; it is reversed as to the ruling on the right of the city to procure liability insurance, for the sole reason that, under the pleadings and evidence, it was without jurisdiction to render a judgment on that question.

*Judgment reversed in part and affirmed in part, as shown in the opinion. Sutton, C. J., and Worrill, J., concur.*