45436.   DAVIS v. CITY OF MACON et al.

EBERHARDT, Judge. Mrs. Norma Davis brought suit against the City of Macon and John Roland Beck, seeking to recover $30,000 for personal injuries sustained in a collision between the automobile in which she was riding and one owned by the city. The city's automobile was being driven by Beck who, at the time, was acting within the scope of his employment as a police officer, and his negligence was sought to be imputed to the city. It was alleged that the city had waived its governmental immunity in accordance with Insurance Code § 56-2437 by purchasing automobile liability insurance. The city moved for

summary judgment, contending that Officer Beck was in the performance of a governmental function for which the city was immune from liability, and that under the cited statute there had been no waiver of immunity since the particular coverage purchased did not apply to governmental vehicular operations. The trial court granted summary judgment for the city, and plaintiff appeals. *Held:*

Insurance Code § 56-2437 (Ga. L. 1960, pp. 289, 673; *Code Ann.* § 56-2437; former Ga. L. 1955, p. 448; former Code Ann. §§ 56-1013, 56-1014) authorizes a municipal corporation, "in its discretion," to purchase automobile liability insurance to cover governmental as well as proprietary undertakings. It further provides that when such insurance is purchased, "its governmental immunity shall be waived *to the extent of the amount of insurance so purchased,*" and that neither the municipal corporation nor the insuring company shall plead governmental immunity as a defense but may make only such defenses as could be made if the insured were a private person. Additionally, governmental immunity is waived "only for damages suffered while said insurance is in force, but in no case in an amount *exceeding the limits or the coverage* of any such insurance policy." In the event the jury verdict "exceeds the limits of the *applicable insurance,* the court shall reduce the amount of said judgment or award to a sum equal to the *applicable limits* stated in the insurance policy." (Emphasis supplied.)

The insurance coverage purchased by the City of Macon is an "excess policy over self-insured retention." It provides, under "Declarations," that "Liability shall attach to the Company only after the insured has paid with the written agreement of the Company, or has been held liable to pay, the full amount of the insured's self-insured retention as follows: Coverage A—Bodily Injury Liability—Automobile: $10,000 ultimate net loss—each person, . . . (all hereinafter referred to as self-insured retention limits); and the Company shall then be liable to pay only such additional amounts as will provide the insured with a total limit under the self-insured retention limits and this policy combined of: Coverage A—Bodily Injury Liability—Automobile: $100,000 ultimate net loss—each person."

The policy further provides under the conditions section: "2. Agreement Not to Maintain Insurance. It is a condition of this insurance that the Insured has not and shall not purchase insurance for the limits within the self-insured retention limits as respects the hazards covered by this policy . . . 10. Attachment of Liability. Liability under this policy shall not attach unless and until the insured shall have admitted liability for the self-insured retention limits, or unless and until the insured has by final judgment been adjudged to pay a sum which exceeds such self-insured retention limits."

It is plaintiff's contention that by purchasing this policy the city is self-insured for the first $10,000 and, under Insurance Code § 56-2437, supra, has waived its immunity for sums up to $100,000. The city contends, on the other hand, that it has not waived its immunity under the statute because the excess coverage does not come into play until it has been held liable to pay more than $10,000, and it cannot be held liable to pay this sum for a governmental function since it has no insurance coverage for it.

While Insurance Code § 56-2437 provides for waiver of governmental immunity by the purchase of insurance (*Hall County v. Loggins,* 110 Ga. App. 432 (138 SE2d 699); *Strickland v. Wayne County,* 113 Ga. App. 499 (148 SE2d 467)), it is clear from the wording of the statute that waiver applies only to the extent of the applicable insurance coverage purchased by the municipality; and, unless there is other applicable legislation authorizing it to become a self-insurer, it is without authority to so act and waive its immunity from liability for damages arising out of the exercise of governmental functions. *Boone v. City of Columbus,* 87 Ga. App. 701 (75 SE2d 338). And compare *City of Calhoun v. Holland,* 222 Ga. 817 (152 SE2d 752).

"In the exercise of powers, and in the performance of duties which are affected by a public interest, [a municipality] acts for the state, and it is for the legislature to prescribe whether, and how far, [and under what circumstances], for the breach of a public duty, the individual may maintain a civil action to remedy an injury occasioned thereby . . . For the breach of a duty,

imposed for the public benefit, [a municipality] may grant, or deny, a remedy to an individual who has sustained damage, and in granting a remedy impose conditions upon the right to enforce it. . . . [It] can only be subjected to liabilities to the extent and in the manner that the charter [or a public statute], permits . . ." MacMullen v. City of Middletown, 187 N. Y. 37, 43 (79 NE 863, 11 LRA (NS) 391). "Until the legislature changes the theory of our municipal institutions and creates a duty on the part of a municipality to open its treasury for the reimbursement of persons who suffer from misconduct on the part of its . . . officers [and employees] in the discharge of governmental functions, the courts are closed to actions prosecuted for that purpose." Everly v. Adams, 95 Kan. 305, 307 (147 P 1134, LRA 1915E 448). "While we are not unmindful of the force of the criticisms of this rule of immunity, we think the rule has become so well fixed as a part of the law of municipal corporations of this country that it is not to be disregarded by the courts until the Legislature declares a different policy." Ramirez v. City of Cheyenne, 34 Wyo. 67, 76 (241 P 710, 42 ALR 245). And when any change is made the courts are limited to the statute as a measure of the change made; we have no authority to go beyond it.

However, Georgia Laws 1960, p. 2709 authorizes municipalities within the 119,500—250,000 population bracket, as determined by the Federal census of 1950 "or by any later Federal census," "in their discretion to become self-insurers under the provisions of Ga. L. 1955, p. 448, sections 1 and 2, codified in Ga. Code Ann., sections 56-1013 and 56-1014 [now Insurance Code § 56-2437]," and "to provide for the amount and extent of self-insurance which such municipalities shall assume, the necessary reserves needed, the minimum claim to be paid on each risk, and the type of additional or excess insurance coverage that may be required."

This population Act was not cited by counsel in their briefs and apparently was not brought to the attention of the trial court. This court, on its own motion, inquired into this Act but found that the City of Macon did not meet its population require-

ments according to the census of 1950 or of 1960,[1] of which this court could have taken judicial notice. *Lanier v. Richmond County,* 203 Ga. 39, 41 (45 SE2d 415); *Tift v. Bush,* 209 Ga. 769, 771 (75 SE2d 805). In response to this court's mention of these Acts upon oral argument, plaintiff has stated in a supplemental brief that in the regular 1960 census the population count for the City of Macon was 69,764; that in 1961 certain areas of Bibb County were annexed into the city; that after such annexation a special census was conducted by the Bureau of the Census which on September 15, 1961, certified that the city's population was 122,876 as of April 1, 1960; and plaintiff has furnished us with a certified copy of this census. Thus it is argued that the 1960 population Act authorized the City of Macon, in its discretion, to become a self-insurer for purposes of the waiver-of-immunity provisions of Insurance Code § 56-2437 and to provide for the amount and extent of the self-insurance and the type of additional or excess coverage required; and, having purchased the "excess policy over self-insured retention," the city was self-insured for the first $10,000 and was insured by the insurance company for sums over that amount up to $100,000.

The city contends, in its supplemental brief, that the Insurance Code, which became effective January 1, 1961 (Insurance Code § 56-115; Ga. L. 1960, pp. 289, 296; *Code Ann.* § 56-115) repealed Code Ann. (sic) Ch. 56-10, so that the population Act of 1960, supra, was effective only until January 1, 1961, when Ga. L. 1955, p. 448 (former Code Ann. §§ 56-1013, 1014), upon which the 1960 population Act was dependent, was repealed.

The Insurance Code did, in fact, repeal Ga. L. 1955, p. 448 (Ga. L. 1960, pp. 289, 763-764). However, it simultaneously re-enacted it as Insurance Code § 56-2437 (Ga. L. 1960, pp. 289, 673-674; *Code Ann.* § 56-2437), which is consistent with the caption of the Insurance Code, inter alia, to classify and consolidate the present laws relating to insurance. "Courts may examine the

---

[1]Nor did it meet the population requirements of Ga. L. 1963, p. 2366, containing similar provisions for the 116,500—119,500 bracket as determined by the 1960 or later Federal census.

caption as an aid to interpretation of a doubtful statute." *Landers v. Medford,* 108 Ga. App. 525, 528 (133 SE2d 403) and cases cited. "In all interpretations, the courts shall look diligently for the intention of the General Assembly, keeping in view, at all times, the old law, the evil, and the remedy." *Code* § 102-102 (9). "When the legislature enacts a statute which adopts provisions of an existing statute by reference, the question whether subsequent amendment or repeal of the adopted provisions will change or repeal those provisions in the adopting statute is to be determined by the intent and purpose of the legislature at the time it was enacted." *Campbell v. Hunt,* 115 Ga. App. 682 (155 SE2d 682).

The Insurance Code merely codified Ga. L. 1955, p. 448 as Insurance Code § 56-2437, and it is apparent that no change of the waiver-of-immunity provisions of the 1955 Act were made or intended. Hence we regard it as a law of continuous life to which the 1960 population Act still applies. "In construing a statute this court is bound to give it an interpretation which will not render its provisions meaningless or futile." *King v. State Farm Mut. Auto. Ins. Co.,* 117 Ga. App. 192, 193 (160 SE2d 230) and cases cited. Thus we construe the authorization granted to municipalities in the 1960 population Act "to become self-insurers under the provisions of Ga. L. 1955, p. 448, sections 1 and 2, codified in Ga. Code Ann., Sections 56-1013 and 56-1014" as now referring to Insurance Code § 56-2437. Otherwise the 1963 population Act, supra, note 1, approved after the effective date of the Insurance Code, and containing the same reference to the 1955 Act, is likewise meaningless and futile.

Thus we agree with plaintiff that under the facts here the city has waived *its* governmental immunity under Insurance Code § 56-2437 by the purchase of this policy of insurance, provided the city meets the requirements of Ga. L. 1960, p. 2709. We further hold that the 1961 census qualifies as "any later Federal census" within the meaning of the 1960 population Act.

This is not to say that the city could not have become a self-insurer to a limited extent, as here, and have purchased insurance for excess coverage specifically covering only its vehicles used in the performance of ministerial functions and that

if it had done so its governmental immunity as to others would not have been waived. But where, as here, the coverage extends to "each automobile owned, leased or hired by the insured," it comes squarely within the provision of *Code Ann.* § 56-2437 and the governmental immunity is waived.

However, we decline to accept into evidence in the first instance in this court the certified copy of the special 1961 census, as this is a function of the trial court. Accordingly we reverse and remand for proceedings in conformity with this opinion. This and any further necessary proof of compliance with the Act can there be made.

*Judgment reversed and case remanded. Jordan, P. J., and Pannell, J., concur.*

ARGUED JULY 7, 1970—DECIDED OCTOBER 2, 1970—
REHEARING DENIED OCTOBER 19, 1970—

*Harris, Russell & Watkins, Robert F. Higgins, Philip R. Taylor, E. Bruce Benton,* for appellant.

*Lawton Miller, Jr.,* for appellees.