22387

Martha NEWBERRY, Respondent, v. GEORGIA DEPT. OF INDUSTRY & TRADE, et al. Defendants, of whom Shopsmith Woodworking Prod., Inc., et al., are Respondents, and Georgia Dept. of Industry & Trade is Petitioner.

Appeal of SHOPSMITH WOODWORKING PROD., INC.
Appeal of GEORGIA DEPT. OF INDUSTRY & TRADE.

(336 S. E. (2d) 464)

Supreme Court

*Charles E. Carpenter, Jr.,* and *R. Davis Howser* of *Richardson, Plowden, Grier & Howser,* Columbia, *for petitioner.*

*Ken Suggs, D. Michael Kelly* of *Ken Suggs—Mike Kelly, Lawyers, P.A., James W. Alford* of *Barnes, Alford, Stork & Johnson,* and *Edwin P. Martin* of *Turner, Padget, Graham & Laney,* Columbia, *for respondents.*

Heard Sept. 24, 1985.

Decided Oct. 16, 1985.

GREGORY, Justice:

Respondent Martha Newberry, a resident of the State of Maryland, commenced this action in tort against appellant Georgia Department of Industry and Trade (the Department) and two South Carolina defendants. The Department, an agency of the State of Georgia, filed a demurrer on the ground of sovereign immunity. The trial judge overruled the demurrer and the Court of Appeals affirmed. *Newberry v. Georgia Department of Industry and Trade*, 283 S. C. 312, 322 S. E. (2d) 212 (S. C. App. 1984). This Court granted certiorari. We quash the opinion of the Court of Appeals.

This case presents a narrow issue: Should the courts of this State exercise jurisdiction over a non-consenting sister state? In *McCall v. Batson*, _____ S. C. _____ , 329 S. E. (2d) 741 (1985), this Court abrogated[1] the doctrine of sovereign immunity as it applied to suits against agencies of the State of South Carolina in the courts of this State. By contrast, this case involves a suit against an agency of the State of Georgia in a South Carolina Court in a case that could not be brought in Georgia. In short, respondent seeks to circumvent sovereign immunity in Georgia by filing a suit in South Carolina.

The Department's first argument, based on the Federal Constitution, is without merit, *Nevada v. Hall*, 440 U. S. 410, 99 S. Ct. 1182, 59 L. Ed. (2d) 416, *reh. denied*, 441 U. S. 917, 99 S. Ct. 2018, 60 L. Ed. (2d) 389 (1979); however, that case does not require state courts to entertain such suits. We must determine whether respondent's claim should be denied as a matter of comity and sound public policy.

The Court of Appeals rejected the argument that the principles of comity and public policy should foreclose this case. We disagree. While it is true that this Court has established a policy of giving redress for tortious wrongs, there are other overriding policy considerations which compel us to refuse to entertain respondent's action.

First, as suggested earlier, the opinion of the Court of Appeals would lead to forum shopping. Although suit in tort could not be brought in Georgia, a plaintiff could circumvent Georgia's immunity by bringing suit in this State.

---

[1] *McCall* limits recovery to existing liability coverage until July 1, 1986.

Second, allowing this type of suit would cause tension between the states, and further degrade state sovereignty.

Finally, there are practical problems enforcing a judgment in this case. Georgia could refuse to recognize the judgment within its borders and pull its investments out of South Carolina in order to avoid a levy in this State. *See Nevada v. Hall,* (Rehnquist, J., dissenting.)

Therefore, we hold, as a matter of comity and public policy, a non-consenting[2] sister state may not be sued in tort in South Carolina.

The opinion of the Court of Appeal is, accordingly,

Quashed.

NESS, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.

---

[2] A non-consenting state is one protected by sovereign immunity.