Arthur **JACKETT**, Plaintiff and Appellant,

v.

**LOS ANGELES DEPARTMENT OF WATER AND POWER**, Defendant and Respondent.

No. 880040–CA.

Court of Appeals of Utah.

March 17, 1989.

---

**7.** Utah Code Ann. § 76-8-1001 (1978).

**8.** U.S. Const. amends. V, XIV; Utah Const. art. I, § 12.

**9.** *See State v. Stilling*, 770 P.2d 137 (Utah 1989).

**10.** *Id.*

William W. Downes, Jr., argued, Winder & Haslam, Salt Lake City, for plaintiff and appellant.

Robert W. Brandt and Michael P. Zaccheo, argued, Richards, Brandt, Miller & Nelson, Salt Lake City, for defendant and respondent.

Before BILLINGS, JACKSON and ORME, JJ.

## OPINION

BILLINGS, Judge:

The trial court granted respondent Los Angeles Department of Water and Power's ("L.A. Water") motion to dismiss appellant Arthur Jackett's ("Jackett") complaint. Jackett appeals from this decision, claiming the trial court abused its discretion in applying, as a matter of comity, the two-year statute of limitations found in California's governmental immunity statute. We affirm.

## FACTS

On April 25, 1985, Jackett was injured when the helicopter in which he was riding made an emergency landing near Cedar City, Utah. The helicopter was owned and operated by L.A. Water, a California governmental entity. Jackett, a resident of California, claims his injuries were caused by L.A. Water's negligent maintenance and operation of the helicopter. Jackett filed a timely notice of claim, under California's Governmental Claims Act, but failed to file a complaint against L.A. Water within two years of the date of the injury, as required by the Act.

His claim being time-barred in California, Jackett subsequently filed suit in Utah on June 18, 1987. L.A. Water moved to dismiss Jackett's suit, arguing that as a matter of comity, Utah should apply California's two-year governmental immunity statute of limitations. Jackett claimed the court should apply Utah's four-year tort statute of limitations, Utah Code Ann. § 78–12–25 (1987), as under normal conflict of laws analysis the statute of limitations of the forum governs. The trial court agreed with L.A. Water and dismissed Jackett's complaint.

The single issue on appeal is whether the trial court erred in applying, as a matter of comity, the two-year statute of limitations provided in California's Governmental Claims Act, thus barring plaintiff's cause of action in Utah. We note at the outset that this is an issue of first impression in Utah.

## COMITY

■ The decision to apply comity in a particular case is fact sensitive. Therefore, courts have consistently found that the decision to apply comity rests within the sound discretion of the trial court. *See Mianecki v. Second Judicial Dist. Court,* 99 Nev. 93, 658 P.2d 422, 425 (1983), *cert. dismissed,* 464 U.S. 806, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983); *Robertson v. Estate of McKnight,* 591 S.W.2d 639, 642 (Tex.Civ. App.1979), *rev'd on other grounds,* 609 S.W.2d 534 (Tex.1980); *Nowell v. Nowell,* 408 S.W.2d 550, 553 (Tex.Civ.App.1966), *cert. denied,* 389 U.S. 847, 88 S.Ct. 53, 19 L.Ed.2d 116 (1967).

■ Jackett argues that because Utah's borrowing statute, Utah Code Ann. § 78–12–45 (1987), and Governmental Immunity Act, Utah Code Ann. §§ 63–30–1 to –38 (1986), are inapplicable, the trial court was required to apply Utah's four-year tort statute of limitations, Utah Code Ann. § 78–12–25 (1987). Jackett cites authority supporting the proposition that under a

general conflict of laws analysis, the limitations period of the forum applies. *See, e.g., Rhoades v. Wright*, 622 P.2d 343, 350 (Utah 1980), *cert. denied*, 454 U.S. 897, 102 S.Ct. 397, 70 L.Ed.2d 212 (1981); *McGinn v. Utah Power & Light Co.*, 529 P.2d 423, 424 (Utah 1974), *overruled on other grounds, Utah Dept. of Admin. Serv. v. Public Serv. Comm'n.*, 658 P.2d 601 (Utah 1983). Although we agree with Jackett's analysis, the trial court may, nevertheless, apply the discretionary doctrine of comity to avoid the result otherwise compelled by a general conflict of laws analysis.

The United States Supreme Court has ruled that while the full faith and credit clause does not require it to do so, a forum state may extend sovereign immunity to a sister state as a matter of comity. *Nevada v. Hall*, 440 U.S. 410, 420–27, 99 S.Ct. 1182, 1188–91, 59 L.Ed.2d 416 (1979). "It may be wise policy, as a matter of harmonious interstate relations, for states to accord each other immunity or to respect any established limits on liability. They are free to do so." *Id.* 99 S.Ct. at 1191. Thus, it is within the the sound discretion of a state to decide whether to extend sovereign immunity in a particular case.

Exercising this discretion, several state and federal courts have acknowledged a sister state's sovereign immunity under the principle of comity. *See, e.g., Lee v. Miller County, Arkansas*, 800 F.2d 1372 (5th Cir. 1986) (court upheld a Texas court's choice to grant an Arkansas county immunity from suit as a matter of comity in an action involving a helicopter crash which injured a Texas resident); *Ramsden v. Illinois*, 695 S.W.2d 457 (Mo.1985) (Missouri court declined to assert jurisdiction in an action brought against an Illinois state mental health center by Missouri residents alleging breach of contract and fraudulent misrepresentation); *Simmons v. Montana*,

206 Mont. 264, 670 P.2d 1372 (1983) (Montana court declined to assert jurisdiction against the state of Oregon in a medical malpractice action); *Paulus v. South Dakota*, 52 N.D. 84, 201 N.W. 867 (1924) (North Dakota court refused to assume jurisdiction where a South Dakota resident was injured while working in a North Dakota coal mine); *Newberry v. Georgia Dep't of Indus. and Trade*, 286 S.C. 574, 336 S.E.2d 464 (1985) (South Carolina court decided to respect Georgia's sovereign immunity and held that Georgia could not be sued in tort in South Carolina).[1]

■ Courts have focused on a variety of public policy concerns in determining whether to extend comity in a particular case. Of primary importance is whether the public policies of the forum state would be contravened if comity were extended. *Head v. Platte County, Missouri*, 242 Kan. 442, 749 P.2d 6, 10 (1988); *Robertson v. Estate of McKnight*, 591 S.W.2d 639, 642 (Tex.Civ.App.1979).

■ Other reasons articulated by courts for extending comity include: to give primary regard to the rights of their own citizens;[2] to foster cooperation, promote harmony and build goodwill with sister states;[3] to have claims against a state litigated by that state's own courts;[4] and to prevent forum shopping and avoid practical problems involved in enforcing a judgment by one state against another.[5]

Applying the foregoing principles, we find the trial court—far from abusing its discretion by declining to assert jurisdiction over L.A. Water under the doctrine of comity—ruled in a manner which was fair, just, and abundantly sensible. There are three independent grounds supporting our conclusion.

---

1. *But see Mianecki v. Second Judicial Dist. Court*, 99 Nev. 93, 658 P.2d 422, 425 (1983), and *Ehrlich–Bober & Co. v. University of Houston*, 49 N.Y.S.2d 574, 427 N.Y.S.2d 604, 404 N.E.2d 726 (1980), both of which affirmed the trial court's discretionary decision not to apply a sister state's sovereign immunity law as a matter of comity.

2. *See, e.g., Head*, 749 P.2d at 10; *Robertson*, 591 S.W.2d at 642.

3. *Lee*, 800 F.2d at 1378.

4. *Ramsden*, 695 S.W.2d at 460.

5. *Newberry*, 336 S.E.2d at 465.

First, both California and Utah have similar immunity statutes, each with a two-year limitations period. *Cf.* Utah Code Ann. §§ 63–30–13, –15 (1986). Thus, the court was applying a statute of limitations consonant with Utah public policy; such a statute would be applied to Utah governmental entities sued in Utah as well as California entities sued in California. As the Fifth Circuit Court of Appeals recently stated under similar circumstances:

> Both states have a policy in favor of some form of immunity in a situation such as this. We do not believe that the fortuity of an Arkansas county being involved in a helicopter crash in Texas is an appropriate occasion to circumscribe the clear intent of lawmakers in both Texas and Arkansas.

*Lee,* 800 F.2d at 1379.

Second, Utah has little interest in litigating this dispute. Mr. Jackett is a California resident and L.A. Water is a California governmental entity. The fortuitous occurrence of the crash in Utah is not a compelling reason to accept jurisdiction. Mr. Jackett's actions in this case parallel the actions of the plaintiff in *Paulus v. South Dakota,* 52 N.D. 84, 201 N.W. 867 (1924), where the North Dakota court refused to assume jurisdiction on comity grounds, and required the plaintiff to seek relief in the courts of his own state. *Id.* 201 N.W. at 870.

Finally, extending comity in this case prevents forum shopping. Soon after Mr. Jackett was injured he filed a timely notice of claim as required by California's Governmental Claims Act. It was only after Mr. Jackett missed California's two-year statute of limitations, and thus, was foreclosed from suing in California that he filed his claim in Utah. Allowing Mr. Jackett to pursue his claim in our courts would open the door to other tardy out-of-state plaintiffs searching for a more favorable forum. *See Newberry,* 336 S.E.2d at 465.

Based upon the foregoing, we find the trial court did not abuse its discretion in applying the doctrine of comity to foreclose Mr. Jackett's suit. Accordingly, the trial court's decision is affirmed.

JACKSON and ORME, JJ., concur.