2169

Gail Christine Miller FRADY, individually and as Guardian Ad Litem of Dana Frady, a minor under the age of fourteen years, Appellant v. STUDENT LOAN SERVICING CENTER, Respondent.

(443 S.E. (2d) 580)

Court of Appeals

---

*Robert E. Hoskins*, of *Foster, Plaxco & Foster*, Greenville, *for appellant.*

*James D. Cooper, Jr.*, of *Cooper, Coffas & Megna*, Columbia, *for respondent.*

Submitted March 8, 1994.

Decided April 18, 1994. Reh. Den. May 25, 1994.

*Per Curiam:*

Gail Frady, individually and on behalf of her minor child, brought this action against the Student Loan Servicing Center (SLSC) for invasion of privacy and intentional infliction of emotional distress, seeking damages and injunctive relief. Finding that SLSC was a governmental agency and immune from suit under the statutory law of Pennsylvania and South Carolina, the trial court granted summary judgment to SLSC and dismissed the complaint. Frady appeals. We affirm in part, reverse in part and remand.[1]

SLSC, mistaking Gail Frady's eleven-year-old daughter, Dana, for a Dana Frady[2] in default on two student loans, sent a series of correspondence to the Frady home threatening litigation, garnishment of wages, and negative credit ratings. According to Frady, SLSC continued to send threatening letters and pursue payment from eleven-year-old Dana, despite repeated calls from the Fradys informing SLSC they had the

---

[1] We decide this case without oral argument because oral argument would not aid the Court in resolving the issues.

[2] The Dana Frady whose social security number is on the loan application forms is apparently a thirty-six-year-old man.

wrong person.

SLSC moved for summary judgment on the ground it was a branch of the Pennsylvania Higher Education Assistance Authority and entitled to sovereign immunity under the laws of Pennsylvania. Pursuant to *Newberry v. Georgia Dept. of Indus. and Trade*, 286 S.C. 574, 336 S.E. (2d) 464 (1985), SLSC argued South Carolina must recognize Pennsylvania's immunity. The trial court agreed *Newberry* was controlling and dismissed the case.[3]

## I.

On appeal, Frady maintains the trial court erred in granting summary judgment, arguing *Newberry* is not controlling because, unlike the situation in *Newberry*, the plaintiff in the present case is a South Carolina resident, and the South Carolina Legislature has since announced a different public policy in passing the South Carolina Tort Claims Act.[4]

In *Newberry*, a Maryland resident was injured after tripping over an electrical cord while visiting a trade show at Columbia Mall. *Newberry v. Georgia Dept. of Industry and Trade*, 283 S.C. 312, 322 S.E. (2d) 212 (Ct. App. 1984), *reversed* 286 S.C. 574, 336 S.E. (2d) 464 (1985). The Supreme Court, in reversing the Court of Appeals, held Newberry could not maintain an action in South Carolina against the Georgia Department of Industry and Trade because the Georgia agency was entitled to sovereign immunity under Georgia law. *Newberry*, 286 S.C. 574, 336 S.E. (2d) 464. The Court acknowledged an established policy of giving redress for tortious wrongs, but cited overriding policy considerations for not allowing an action against a Georgia state agency. The Court cited concerns of forum shopping, tension between the states, and practical problems of enforcing judgment. The Court concluded, "as a matter of comity and public policy, a non-consenting sister state may not be sued in tort in South Carolina." *Id.* 366 S.E. (2d) at 465. The language in *Newberry* is

---

[3] While not expressing an opinion as to the merits of her claim, the court granted Frady's request for leave to amend her complaint to remove SLSC as a party and to add an individual defendant she believes may be liable.

[4] S.C. Code Ann. § 15-78-20 (Supp. 1993) (declaring a transition in the public policy of South Carolina by removing the common law bar of sovereign immunity in certain circumstances and subjecting the State and its political subdivisions to qualified and limited liability).

unequivocal, and prohibits Frady's action in the present case. Should an exception to *Newberry* be warranted, it is for the Supreme Court to decide.

## II.

Frady also argues the court erred in dismissing the entire action because *Newberry* does not prohibit actions for injunctive relief. We agree that Frady may be able to establish a basis for injunctive relief and we accordingly reverse the trial court's order as to summary judgment on the injunction cause of action.

Although one may not generally enjoin a state agency from the performance of duties imposed by valid statutes, 43A C.J.S. *Injunctions* § 116 at 192 (1978), where one is threatened with irreparable damage and does not have an adequate remedy at law, she may enjoin state officials who are acting in an illegal manner. 43A C.J.S. *Injunctions* § 116 at 195-96. The issue of injunctive relief is accordingly not resolved by a finding of sovereign immunity from tort liability.

The evidence was not developed sufficiently to allow us to consider, as SLSC would have us do, the merits of the injunction cause of action. The trial court, having granted summary judgment on the basis of sovereign immunity, did not consider whether the evidence supports Frady's request for injunctive relief. Accordingly, we reverse summary judgment as to the injunction cause of action and remand for a determination of whether agents of SLSC were acting illegally and whether Frady was irreparably damaged and without an adequate remedy at law.

Affirmed in part, reversed in part and remanded.