24180

Debra L. MELTON, Appellant v. Jerry Lee CROWDER, North Carolina State Highway Patrol, and Anson County Sheriff's Department, Defendants, Of Whom North Carolina State Highway Patrol is Respondent.

(452 S.E. (2d) 834)

Supreme Court

*W. Gaston Fairey, Fairey, Parise & Mills,* Columbia, and *James I. Redfearn,* Chesterfield, *for appellant.*

*D. Cravens Ravenel* and *Virginia C. Ravenel, Baker, Barwick, Ravenel & Bender,* Columbia, and *J. Boone Aiken, III,* Florence, *for respondent.*

Heard May 4, 1994.

Decided Jan. 9, 1995; Reh. Den. Feb. 9, 1995.

Finney, Justice:

This tort action arose from an automobile accident in South Carolina. A North Carolina Highway Patrolman pursued Jerry Lee Crowder in a high-speed chase across the North Carolina State line and into neighboring Chesterfield County. The chase ended when Crowder's vehicle collided with Appellant Debra Melton's vehicle causing her severe injuries. Melton alleges that her injuries were caused by the negligence of the North Carolina Highway Patrolman.

The North Carolina Highway Patrol moved for dismissal pursuant to Rule 12(b)(1), (2), and (6), SCRCP based on lack of subject matter and personal jurisdiction and failure to state a cause of action. The trial court granted the North Carolina Highway Patrol's 12(b)(1) and (2) motions, dismissing for lack of jurisdiction based upon the doctrine of sovereign immunity. The trial court found that North Carolina was a nonconsenting[1] state that may not be sued in South Carolina because all tort actions against the State and its agencies must be heard by the North Carolina Industrial Commission. Debra Melton appeals the trial court's dismissal and contends she should be allowed to sue the North Carolina Highway Patrol in South Carolina for the negligent acts of its employee in this State. We agree and reverse.

The sole issue before this Court is whether North Carolina is a consenting state subject to suit in tort in South Carolina. Under the North Carolina Tort Claims Act, all tort actions against the State or its agencies must be filed with the Industrial Commission. N.C. Gen. Stat. § 143-291 (1993). Melton asserts North Carolina has waived the protection of sovereign immunity by passing a tort claims act potentially exposing North Carolina and its agencies to damages for the negligent acts of its employees. Further, Melton asserts that since North Carolina is not protected by sovereign immunity, it is deemed a consenting state that can be sued in tort in South Carolina. *Cf. Newberry v. Georgia Dept. of Industry & Trade*, 286 S.C. 574, 336 S.E. (2d) 464 (1985) (ruling that as a matter of comity and public policy, a nonconsenting sister state may not be sued in tort in this State).

---

[1] A nonconsenting state is protected from liability by sovereign immunity.

A State is immune from suit unless it expressly consents to be sued. *Nevada v. Hall*, 440 U.S. 410, 99 S.Ct. 1182, 59 L.Ed. (2d) 416 (1979). In *Guthrie v. North Carolina State Ports Auth.*, 307 N.C. 522, 299 S.E. (2d) 618 (1983) the court held that the Tort Claims Act waived the sovereign immunity of the State in those instances in which injury is caused by the negligence of a State employee, giving the injured party the same right to sue as any other litigant.

North Carolina courts have categorized the waiver as a partial waiver. *Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 293 S.E. (2d) 182 (1982). The question here is whether the partial waiver makes North Carolina a nonconsenting state to the extent actions are not instituted as provided by the statute. The Highway Patrol argues and the trial court agreed that North Carolina has not consented to suit since claims against the State must be filed with the Industrial Commission. However, the North Carolina Supreme Court has recognized an exception to the requirement that the Industrial Commission hear and determine all tort claims against the state or its agencies. *Teachy, supra.* In *Teachy*, a third-party complaint was filed in state court against the Department of Transportation. The third-party plaintiff did not comply with the procedural requirements of the N.C. Tort Claims Act by filing with the Industrial Commission. The court held that the doctrine of sovereign immunity did not prevent the state from being joined as a third-party defendant in state court. *Teachy, supra.* Considering that the North Carolina court has allowed an exception to permit an action in state court, we conclude that North Carolina does not require all actions be heard by the Industrial Commission.

We find North Carolina's partial waiver is sufficient to allow Melton to maintain this suit under South Carolina law. In *Newberry, supra,* a South Carolina resident attempted to bring an action in this State against a Georgia State agency for an injury occurring in South Carolina. At the time of the injury, Georgia agencies were protected by sovereign immunity to the extent the agency had purchased liability insurance. The Court in *Newberry* found that Georgia was a nonconsenting sister state because Georgia had not consented to suit where an agency did not have liability insurance coverage. Since the plaintiff in *Newberry* could not maintain a suit

in Georgia, we held she could not bring an action in South Carolina. Unlike the facts in *Newberry*, Melton could maintain a suit in North Carolina.

Accordingly, we find that North Carolina is a consenting state and reverse the trial court's dismissal for lack of jurisdiction.

Reversed.

CHANDLER, C.J., TOAL and MOORE, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.