William DAVIS, Plaintiff,

v.

CITY OF AUGUSTA, Defendant.

Civil Action No. CV 195–170.

United States District Court,
S.D. Georgia,
Augusta Division.

Sept. 24, 1996.

Percy J. Blount, Glover & Blount, P.C., Augusta, GA, for plaintiff.

Ziva Peleg Bruckner, Paul Hammond Dunbar, III, Capers, Dunbar, Sanders, Bruckner & Clarke, Augusta, GA, for defendant.

## ORDER

BOWEN, District Judge.

Before the Court is Defendant's Motion for Summary Judgment in the above-captioned diversity case. For the reasons stated herein, the motion is **GRANTED.**

The following facts are undisputed. On January 11, 1994, Plaintiff was involved in an automobile collision with a garbage truck owned and operated by Defendant City of Augusta, Georgia. The accident occurred in Aiken County, South Carolina, while the truck was hauling trash to a recycling facility there. In this negligence action, Plaintiff seeks recovery for the injuries he allegedly received in the collision.

Defendant's collection and transportation of garbage is not carried out as a business designed to make a profit. Dillard Aff. ¶ 6. Indeed, the fees paid by the citizens of the City of Augusta for this service do not generate a profit. *Id.* ¶ 5.

Defendant has moved for summary judgment on the following two grounds: 1) the suit is barred by Plaintiff's failure to provide an *ante litem* notice to Defendant as required under Georgia law; and 2) Defendant is immune from liability under the doctrine of sovereign immunity.

The Court should grant summary judgment only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991). When the *non-moving* party has the burden of proof at trial, as in this case, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the non-moving party's claim or by pointing to specific portions of the record which demonstrate that the non-moving party cannot meet its burden of proof at trial, *see id.* at 606–08 (explaining *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) and *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)); merely *stating* that the non-moving party cannot meet its burden at trial is *not* sufficient, *Clark,* 929 F.2d at 608.

If—and *only* if—the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark,* 929 F.2d at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. *Morris v. Ross,* 663 F.2d 1032, 1033–34 (11th Cir.1981), *cert. denied,* 456 U.S. 1010, 102 S.Ct. 2303, 73

L.Ed.2d 1306 (1982). Rather, the non-moving party must respond by affidavits or as otherwise provided in Fed.R.Civ.P. 56.

The clerk has given the non-moving party notice of the summary judgment motion, the right to file affidavits or other materials in opposition, and of the consequences of default; thus, the notice requirements of *Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985), are satisfied. The time for filing materials in opposition has expired, and the motion is ripe for consideration. The Court will proceed to review the applicable substantive law and inquire whether the moving party—and, if necessary, the non-moving party—has carried its burden as set forth above. *See Clark*, 929 F.2d at 609 n. 9.

■ Defendant argues Plaintiff's claim is barred by the doctrine of sovereign immunity, which protects governments of the state at all levels from unconsented-to legal actions. *See Crowder v. Department of State Parks*, 228 Ga. 436, 185 S.E.2d 908 (1971), *cert. denied*, 406 U.S. 914, 92 S.Ct. 1768, 32 L.Ed.2d 113 (1972). This judicially evolved doctrine has been given constitutional status in Georgia, to wit: "The General Assembly may waive the immunity of counties, municipalities, and school districts by law.", Ga. Const., art. IX, § 2, ¶ 9. Thus, the Georgia Constitution assumes the existence of a municipality's immunity from suit unless waived or restricted by the General Assembly of Georgia.

■ The General Assembly has waived sovereign immunity for municipalities to some extent. Pursuant to O.C.G.A. § 36–33–1(b), municipalities "shall not be liable for failure to perform or for errors in performing their legislative or judicial powers. For neglect to perform or improper or unskillful performance of their ministerial duties, they shall be liable." Thus, section 36–33–1(b) accords a municipality immunity from tort liability for governmental functions, but waives such immunity for a municipality's proprietary activities.

■ Under Georgia law, the collection, disposal, and transportation of garbage is a governmental function. *City of Atlanta v. Chambers*, 205 Ga.App. 834, 424 S.E.2d 19 (1992); *Boone v. City of Columbus*, 87 Ga. App. 701, 75 S.E.2d 338 (1953). In order for a municipality to waive its immunity in the performance of garbage disposal, the activity must be carried out as a business for profit. *City of Atlanta*, 205 Ga.App. at 835–36, 424 S.E.2d at 21; *Smith v. Mayor of Savannah*, 185 Ga.App. 708, 365 S.E.2d 529 (1988). In this case, it is undisputed that Defendant did not perform the service of garbage disposal to make a profit; thus, Defendant would be entitled to sovereign immunity in this case.

■ However, Defendant's Motion for Summary Judgment is premised upon the supposition that the substantive laws of Georgia are applicable to this diversity action. A federal court sitting in diversity applies the substantive laws of the forum state, including the state's choice of law rules. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *O'Neal v. Kennamer*, 958 F.2d 1044 (11th Cir.1992). In tort cases, Georgia follows the traditional *lex loci delicti* rule: a tort action is governed by the laws of the state in which the tort occurred. *Federal Ins. Co. v. National Distrib. Co.*, 203 Ga.App. 763, 417 S.E.2d 671 (1992). Because the alleged tort occurred in South Carolina, the laws of South Carolina will determine the substantive rights of the parties in this case.

■ Plaintiff urges that this suit is governed by the South Carolina Tort Claims Act (the "Act"), S.C.Code Ann. § 15–78–10 *et seq.* With the Act, the South Carolina legislature expressly intended to provide a limited waiver of sovereign immunity. *Id.* § 15–78–20. Indeed, if the City of Augusta was a municipality in South Carolina, it would not be entitled to sovereign immunity under the Act. However, this case involves a suit against a Georgia political subdivision that would otherwise be barred if brought in a court of Georgia. Thus, the issue here is whether Defendant should be granted the immunity afforded by Georgia law in a case in which South Carolina law governs. The inquiry is a matter of comity between the states.

■ In the context of this case, comity is a principle under which the courts of one state

extend immunity to a sister sovereign, not as a rule of law, but rather out of deference or respect. *Lee v. Miller County, Ark.,* 800 F.2d 1372, 1375 (5th Cir.1986) ("Courts extend immunity as a matter of comity to foster cooperation, promote harmony, and build goodwill."). Because this Court is sitting as a court of South Carolina, immunity should be granted to Defendant as a matter of comity if a South Carolina court would do so.

■ In *Newberry v. Georgia Dep't of Indus. & Trade,* 286 S.C. 574, 336 S.E.2d 464, 465 (1985), the Supreme Court of South Carolina held that "as a matter of comity and public policy, a non-consenting sister state may not be sued in tort in South Carolina." A non-consenting sister state is a state which is protected by sovereign immunity. *Id.* 336 S.E.2d at 465 n. 2. In extending sovereign immunity to a Georgia agency in *Newberry,* the court articulated three concerns: a) a plaintiff may circumvent Georgia's immunity by bringing suit in South Carolina; b) allowing the suit would cause tension between the states and degrade state sovereignty; and c) a plaintiff may not be able to enforce a judgment because Georgia may refuse to recognize it. *Id.* 336 S.E.2d at 465.

As discussed above, Defendant is protected by sovereign immunity in Georgia and thus, Georgia is not a consenting state as defined by the *Newberry* court. Consequently, Defendant is immune from a tort suit in South Carolina. *See also Melton v. Crowder,* 317 S.C. 253, 452 S.E.2d 834 (1995) (finding North Carolina is a consenting state and subject to a tort suit in a South Carolina court).

For the foregoing reasons, I find the sovereign immunity enjoyed by Defendant in this case under Georgia law would be extended to Defendant by a South Carolina court. Accordingly, this Court sitting in diversity and applying South Carolina law shall extend sovereign immunity to Defendant as well.[1]

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment be **GRANTED.** The clerk is instructed to close this case and enter final judgment for Defendant. Costs are taxed against Plaintiff.

---

1. The issue of *ante litem* notice need not be addressed.