The Honorable Paul Bookout State Representative 2104 Catharine Drive Jonesboro, AR 72404-6963
Dear Representative Bookout:
I am writing in response to your request for my opinion on the following question:
 Does governmental immunity which is conferred upon a school by Arkansas law extend to any torts that may occur outside the state of Arkansas when students are engaged in a school activity (e.g., FBLA, FHA, Student Council meetings) or on a social trip (e.g., senior graduation trips)?
RESPONSE
It depends. If the plaintiff files suit against the school in Arkansas, immunity will in all likelihood apply. If he files suit in another state, the forum state will in all likelihood honor Arkansas' immunity statute in accordance with the principle of judicial comity only if the forum state would likewise extend immunity to its own schools. Finally, it is highly questionable that a governmental immunity would extend in any event to torts committed on a social trip.
At issue is the application of A.C.A. § 21-9-301, which provides:
 It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state and any of their boards, commissions, agencies, authorities, or other governing bodies shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance. No tort action shall lie against any such political subdivision because of the acts of its agents and employees.[1]
The two related questions are (a) whether this statute would immunize an uninsured school district from liability and suit in Arkansas for a tort committed by its agent in another state; and (b) whether it would immunize the district from liability and suit if the action were brought in the sister state. As discussed below, I cannot answer these questions without knowing the circumstances and location of any particular tort.
Assuming a plaintiff brought suit in Arkansas alleging a tort committed in another state, the first question would be which state's law applied, including immunity law. The Supreme Court has summarized this state's approach to questions involving conflicts of law as follows:
 For many years this Court, like others, used mechanical rules, such as the rule of lex loci delicti ["the law of the place where the tort was committed"], to answer conflict questions. However, in 1966 Dr. Robert A. Leflar began to write about the more flexible "choice-influencing considerations." See Leflar, Choice-Influencing Considerations in Conflicts Law, 41 N.Y.U.L. Rev. 267 (1966); Leflar, Conflicts Law: More on Choice-Influencing Considerations, 54 Calif. L. Rev. 1584 (1966); R. Leflar, American Conflicts Law, Chapter 11, (1968); Leflar, Conflict of Laws: Arkansas — The Choice-Influencing Considerations, 28 Ark. L. Rev. 199 (1974). Other states quickly adopted Dr. Leflar's concept of the choice-influencing considerations. Clark v. Clark, 107 N.H. 351, 222 A.2d 205 (1966), noted in 20 Ark. L. Rev. 359 (1967); Health v. Zillmer, 35 Wis.2d 578, 151 N.W.2d 664 (1967); Mitchell v. Craft, 211 So.2d 509 (Miss. 1968). We adopted the approach in Wallis v. Mrs. Smith's Pie Co., 261 Ark. 622, 550 S.W.2d 453 (1977), and have continued to use the approach. Williams v. Carr, 263 Ark. 326, 565 S.W.2d 400 (1978).
The five choice-influencing considerations are:
(1) Predictability of results,
(2) Maintenance of interstate and international order,
(3) Simplification of the judicial task,
(4) Advancement of the forum's governmental interests, and
(5) Application of the better rule of law.
Schlemmer v. Fireman's Ins. Co., 292 Ark. 344, 346, 730 S.W.2d 217
(1987).
Needless to say, I cannot apply these choice-influencing considerations in the abstract. I suspect that an Arkansas court would be inclined to conclude in all but the second inquiry that Arkansas statutory immunity should apply to an Arkansas school, regardless of where the alleged tort occurred. However, making this factual determination is in itself beyond the scope of my authority or abilities.
The inquiry will be even more fact-intensive if a plaintiff attempts to sue the Arkansas school district in the state where the tort occurred. The question in such a case will be whether the forum state should honor the above recited Arkansas statute as a matter of "judicial comity," which has been defined as follows:
 The respect a court of one state or jurisdiction shows to another state or jurisdiction in giving effect to the other's laws and judicial decisions.
Black's Law Dictionary at 262 (7th ed. 1999). In Harris v. City ofMemphis, ___ F. Supp. 2d ___, 2000 WL 1675698 (E.D. Ark. 2000), an Arkansas federal district court recently discussed and applied the concept of comity in a suit in which an Arkansas resident alleged negligent maintenance against the city of Memphis following an accident on an interstate bridge. The decision is worth excerpting at some length, since the court's analysis aptly illustrates the variables that might affect an immunity determination:
 The parties direct the Court's attention to Lee v. Miller County, 800 F.2d 1372 (5th Cir. 1986). In Lee, Texas residents brought a diversity action against Miller County, an Arkansas county, in the Eastern District of Texas. See Lee, 800 F.2d at 1373. The plaintiff sought to recover for injuries they sustained when they were injured while flying in a helicopter owned by Miller County. See id. The district court held that the Arkansas county was immune from suit, and the United States Court of Appeals for the Fifth Circuit affirmed, holding Miller County was immune as a matter of comity. See id. at 1378. "Comity is a principle under which the courts of one state give effect to the laws of another state or extend immunity to a sister sovereign not as a rule of law, but rather out of deference or respect. Courts extend immunity as a matter of comity to foster cooperation, promote harmony, and build goodwill." Id. at 1375. "Unless extending immunity to another state or its subdivision would violate Texas public policy, a Texas court would also give effect to the law of that state." See id. "Both states have a policy in favor of some form of immunity in a situation such as this. We do not believe that the fortuity of an Arkansas county being involved in a helicopter crash in Texas is an appropriate occasion to circumscribe the clear intent of lawmakers in both Texas and Arkansas." Id. at 1379.
 In Lee, the Fifth Circuit attributes significant weight to Nevada v. Hall, 440 U.S. 410, 99 S.Ct. 1182, 59 L.Ed.2d 416 (1979). In Hall,
California residents sued the State of Nevada in California state court for injuries as a result of an automobile accident on a California highway with a Nevada state employee. See Hall, 440 U.S. at 411, 99 S.Ct. 1182. Nevada asserted its immunity found under Nevada law. See id. California had waived its immunity for similar suits against it and the court found that it would be unfair to allow Nevada to claim immunity when California could not. See id. The Supreme Court upheld the California decision, holding that nothing in the Constitution requires California to comply with Nevada's request. See id. However, while holding that states do not have to recognize the law of other states, the Court indicated that states may do so as a matter of comity. See id. "It may be wise policy, as a matter of harmonious interstate relations, for States to accord each other immunity or to respect any established limits on liability. They are free to do so." See id. at 426, 99 S.Ct. 1182.
 Similarly, in Davis v. City of Augusta, 942 F.Supp. 577 (S.D.Ga. 1996), a Georgia federal court recognized the immunity of a Georgia city even though the court was bound to apply South Carolina's negligence law under Georgia's choice of law rule. In Davis, a garbage truck driver for the City of Augusta collided with a South Carolina driver while hauling trash in South Carolina. See Davis, 942 F.Supp. at 578. The South Carolina driver brought a diversity action for negligence in Georgia federal court. See id. The Georgia court found that the sovereign immunity enjoyed by the City of Augusta under Georgia law would be extended to the City of Augusta under South Carolina law. See id. at 580. Thus, the Georgia court, sitting in diversity and applying South Carolina law, extended sovereign immunity to the City of Augusta. See id.
 In the present case, the facts seem similar to the Lee case. If the action had been brought in a Tennessee federal court and the law of Tennessee required the application of Arkansas negligence law, Davis
would be much more similar. Nonetheless, the analysis presented in both Lee and Davis persuade this Court that it should extend Defendant the immunity found under Tennessee law. Comity is not a matter of right, and being voluntary and not obligatory, the application rests in the sound discretion of the tribunal of the forum. See Lee, 800 F.2d at 1376 n. 13. "We emphasize that comity is a courtesy and not a right." Brown v. Wood, 257 Ark. 252, 258, 516 S.W.2d 98, 101
(1974).
 In the present case, both Arkansas and Tennessee have similar statutes that grant municipalities immunity from suit. Compare Tenn.Code.Ann. § 29-20-201 (1998), with Ark.Code.Ann. § 21-9-301 (1998). The TGTLA and the comparable Arkansas statute are statutes that proscribe the tort immunity for the respective political subdivisions of the two states. Under both statutes, political subdivisions are immune from tort liability except to the extent allowed by statute. See Davis v. Fulton County, 884 F.Supp. 1245 (E.D.Ark. 1995) (Arkansas); Doe v. Coffee County Bd. of Educ., 852 S.W.2d 899 (Tenn.Ct.App. 1992) (Tennessee). For this reason, extending immunity to the City of Memphis would not violate the public policy of Arkansas. Therefore, this Court will give effect to the law of Tennessee regarding the immunity of its municipalities. See, e.g., Lee, 800 F.2d at 1375 (stating that a Texas federal court would recognize immunity of an Arkansas county as provided under Arkansas law).
One court has aptly summarized as follows the principles illustrated above: "`[Q]uestions of interstate suability must be determined under the law of the forum,' which require a court to examine its own state's policies and whether `this state would permit itself to be sued if it had engaged in the conduct assigned to [the sister state] in the present action.'" City of Red Wing v. Ellsworth Community School District,617 N.W.2d 602, 607 (Minn. 2000), quoting Struebin v. State, 322 N.W.2d 84,86 (Iowa 1982) (brackets in original). It follows that if a foreign state (or a school district of the state) would be subject to suit in its own courts for the alleged tortious conduct, it would not feel obligated by judicial comity to recognize and apply Arkansas' immunity statute. SeeHill, Receiver v. Caldarera, 197 Ark. 659, 664, 124 S.W.2d 825 (1939) ("No rule of comity is breached by enforcing our own laws in preference to the laws of other states.") Consequently, an Arkansas school district's exposure to tort liability in another state will depend largely on whether the forum state extends tort immunity to its own schools — a question that will in each case entail a factual inquiry of the sort I am neither equipped nor authorized to undertake.
Finally, I question the availability in any forum of individual immunity for torts committed by a school employee accompanying students on a purely recreational "school trip." I am enclosing for your information Ark. Op. Att'y Gen. No. 99-348, in which I opined that the constitution prohibits expending public funds for such a trip. In my opinion, because a recreational school trip is not sufficiently related to the educational mission of a school, a chaperone on such a trip might well not be considered an agent of the school while engaged in this nevertheless admirable activity. Consequently, if the school district were named as a defendant, it might successfully disclaim vicarious responsibility and be dismissed from the suit. Although I appreciate that this might dampen the enthusiasm of school employees to participate in school trips, I believe the constitution allows of no other conclusion.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
Enclosure
[1] As the Court noted in Waire v. Joseph, 308 Ark. 528, 534,825 S.W.2d 594 (1992):
 In Cousins v. Dennis, 298 Ark. 310, 767 S.W.2d 296 (1989), the court interpreted Ark. Code Ann. 21-9-301 to also provide tort immunity to school employees for their liability for negligent acts arising out of the performance of their official duties. See also Matthews v. Martin, 280 Ark. 345, 658 S.W.2d 374 (1983).