A93A1569. UNIVERSITY OF IOWA PRESS v. URREA et al.
(440 SE2d 203)

COOPER, Judge.

We granted this interlocutory appeal from the trial court's denial of appellant's motion to dismiss alleging lack of personal jurisdiction and sovereign immunity.

Appellant, the University of Iowa Press, contracted with Starkley Flythe, a Georgia resident, to publish and market a book of fictional short stories written by Flythe entitled "Lent: The Slow Fast." Appellees Barbara Urrea and Susan Petro brought suit in Fulton County Superior Court against appellant and Flythe alleging a cause of action for invasion of privacy because a story in the book contained confidential information about them which was used without their permission.[1] The complaint alleged that Urrea and Flythe had known each other prior to 1982 when they were employed by the Saturday Evening Post and that Flythe had written his book sometime before 1990. The record does not otherwise reveal when or where the book was written. Petro is currently a resident of Georgia and Urrea is a resident of Colorado. Appellant is a division of the University of Iowa which is an arm of the State of Iowa.

Appellant's director testified by affidavit that appellant does not regularly do or solicit business in Georgia, engage in a persistent course of conduct in Georgia, or derive substantial revenue from goods used or consumed in Georgia. He testified that appellant sold only 438 copies of Flythe's book to purchasers in Georgia, half of which were sold to Flythe, and that revenues from such sales were insignificant. He further testified that appellant does not have a sales

---

[1] Flythe was dismissed for lack of venue and is not a party to this appeal.

representative in Georgia.

Appellees produced evidence that various bookstores in Georgia have sold copies of Flythe's book and, upon request from a customer, will order the book from appellant by mail or use of a toll-free telephone number. This evidence further established that the two primary book distributors in Atlanta do not distribute books for appellant. Various bookstores and libraries in the Atlanta area carry other publications by appellant. These bookstores and libraries order their publications from appellant either by mail or the toll-free number.

Appellant filed a motion to dismiss alleging the trial court lacked personal jurisdiction over it and that as a matter of comity the court should recognize appellant's sovereign immunity which had been waived under its Tort Claims Act only to the extent it could be sued in its own courts. See Iowa Code § 25A.4. The trial court denied the motion, and appellant filed this interlocutory appeal.

1. Appellant argues the trial court erred in finding it had sufficient contacts with the State of Georgia to subject it to jurisdiction under the Georgia Long-Arm Statute, OCGA § 9-10-91. Section 9-10-91 provides in pertinent part that Georgia courts may exercise jurisdiction over any nonresident who: "(3) [c]ommits a tortious injury in [the] state caused by an act or omission outside this state if the tortfeasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in [the] state." Appellant has clearly sold other works published by it to bookstores in Georgia. Moreover, appellant has sold 438 copies of the book in question in Georgia and has clearly placed it directly into the stream of commerce in Georgia. "In our opinion, this systematic and purposeful activity establishes that [appellant] 'engages in a persistent course of conduct, or derives substantial revenue from goods used or consumed . . . in this state.' OCGA § 9-10-91 (3). The sale of goods in another state, knowing that they will be resold in Georgia, is a purposeful activity sufficient to establish a 'contact' with Georgia. See *Shellenberger v. Tanner*, 138 Ga. App. 399, 412 (227 SE2d 266) (1976)." *Showa Denko v. Pangle*, 202 Ga. App. 245 (1) (414 SE2d 658) (1991); see also *Continental Research Corp. v. Reeves*, 204 Ga. App. 120, 124 (1) (419 SE2d 48) (1992). Accordingly, we conclude there was a proper basis for the exercise of jurisdiction pursuant to OCGA § 9-10-91.

2. Notwithstanding the existence of jurisdiction, we conclude the trial court erred in refusing to grant immunity to appellant on the basis of comity. The United States Supreme Court has held that although the full faith and credit clause does not require a forum state to recognize the sovereign immunity of another state, the forum may recognize another state's sovereign immunity as a matter of comity. *Nevada v. Hall*, 440 U. S. 410 (99 SC 1182, 59 LE2d 416) (1979).

"Comity is a principle under which the courts of one state give effect to the laws of another state or extend immunity to a sister sovereign not as a rule of law, but rather out of deference or respect. Courts extend immunity as a matter of comity to foster cooperation, promote harmony, and build goodwill." *Lee v. Miller County, Ark.*, 800 F2d 1372, 1375 (5th Cir. 1986). In discussing comity in the context of sovereign immunity, the Supreme Court counseled: "It may be wise policy, as a matter of harmonious interstate relations, for States to accord each other immunity or to respect any established limits on liability. They are free to do so." *Hall*, supra at 426. We review the trial court's refusal to extend comity for an abuse of discretion. See *Lee*, supra at 1376; see also *Bradley v. Tattnall Bank*, 170 Ga. App. 821, 824 (318 SE2d 657) (1984).

We have not previously had occasion to address whether as a matter of comity our courts should respect another state's statutorily imposed sovereign immunity in a tort context. As a general rule, however, this court will not enforce the laws of another state as a matter of comity if they are contrary to the public policy of this state. See OCGA § 1-3-9; *Fed. Ins. Co. v. Nat. Distrib. Co.*, 203 Ga. App. 763 (417 SE2d 671) (1992). Those states which have addressed this issue are split on whether to recognize state sovereign immunity. A number of states have afforded immunity to another state. See, e.g., *Flamer v. N. J. Transit Bus Operations*, 607 A2d 260 (Pa. Super. 1992); *Carrigan v. Cal. Horse Racing Bd.*, 802 P2d 813 (Wash. App. 1990); *State v. Wilson*, 771 P2d 1077 (Utah Ct. App. 1989); *Schoeberlein v. Purdue Univ.*, 544 NE2d 283 (Ill. 1989); *Newberry v. Ga. Dept. of Industry &c.*, 336 SE2d 464 (S. C. 1985); see also *Lee*, 800 F2d at 1379. While other states have refused to recognize sovereign immunity as a matter of comity, they have generally done so because extending immunity would violate the public policy of the forum state. See, e.g., *Biscoe v. Arlington County*, 738 F2d 1352 (D.C. Cir. 1984), cert. denied, 469 U. S. 1159 (1985); *Mianecki v. Second Judicial Dist. Court*, 658 P2d 422 (Nev. 1983) cert. dismissed, 464 U. S. 806 (1983); *Hall v. Univ. of Nev.*, 503 P2d 1363 (Cal. 1972). In fact, in *Struebin v. State*, 322 NW2d 84 (Iowa 1982), cert. denied, 459 U. S. 1087 (1982), Iowa itself refused to recognize the sovereign immunity of the State of Illinois since Iowa permitted suit against itself under similar circumstances.

Appellant is an arm of the State of Iowa and, as such, is governed by the Iowa Tort Claims Act. Pursuant to this Act, the State of Iowa waives its immunity from suit only to the extent it is sued in its state courts. See Iowa Code § 25A.4. This section provides that "where the omission occurred outside of Iowa and the plaintiff is a nonresident, the Polk county district court has exclusive jurisdiction to hear" such claims. Georgia has also adopted a Tort Claims Act which similarly

provides that it waives its sovereign immunity only to the extent it is sued in the courts of the State of Georgia. OCGA § 50-21-23 (b). Because the two provisions are conceptually identical, application of Iowa's Tort Claims Act would not violate Georgia's public policy and, as such, we should recognize and give effect to the legislatively declared policy of Iowa as a matter of comity. Accordingly, because extending immunity to appellant will not offend the public policy of this state, we find the trial court abused its discretion in not recognizing appellant's sovereign immunity as a matter of comity. We therefore reverse the trial court's denial of appellant's motion to dismiss.

3. In view of our holding in Division 2, we need not address appellant's remaining argument concerning the full faith and credit clause.

*Judgment reversed. Beasley, P. J., and Smith, J., concur.*

DECIDED DECEMBER 3, 1993 — RECONSIDERATION DISMISSED DECEMBER 20, 1993 — 

*Harman, Owen, Saunders & Sweeney, Timothy J. Sweeney*, for appellant.

*Adam R. Gaslowitz, Robert C. Port*, for appellees.