2001 UT 101

**TRILLIUM USA, INC., Plaintiff and Appellant,**

v.

**BOARD OF COUNTY COMMISSIONERS OF BROWARD COUNTY, FLORIDA, Defendant and Appellee.**

No. 20000264.

Supreme Court of Utah.

Dec. 7, 2001.

Erik A. Christiansen, Shane D. Hillman, Salt Lake City, for plaintiff.

Reed L. Martineau, Keith A. Call, Salt Lake City, for defendant.

DURRANT, Justice.

¶1 Trillium USA, Inc., filed an action against the Board of County Commissioners of Broward County, Florida, for breach of contract. The trial court dismissed the suit, concluding that venue was not proper in Utah because, under Florida law, the action could only be pursued in Broward County, Florida. The trial court determined that Florida law governed based on (1) the parties' contractual choice of law provision, (2) a choice of law analysis, and (3) principles of comity. Further, the trial court ruled that even if Utah law governed the action, venue was still not proper in Utah because the Utah Code required the action be filed in Broward County. Trillium appeals, contending the trial court misinterpreted and misapplied both Utah and Florida law. We affirm.

## BACKGROUND

¶2 "When reviewing a trial court's grant of a motion to dismiss, 'we accept the factual allegations in the complaint as true and consider them and all reasonable inferences to be drawn from them in a light most favorable to the plaintiff.'" *Aurora Credit Servs., Inc. v. Liberty W. Dev., Inc.*, 970 P.2d 1273, 1279 (Utah 1998) (quoting *Russell v. Standard Corp.*, 898 P.2d 263, 264 (Utah 1995)). We recite the facts accordingly.

¶3 Broward County sought to convert over three-hundred vehicles in its automobile fleet to run on natural gas. In furtherance of this effort, Broward County sent an unsolicited invitation to bid on this conversion project to Trillium, a Delaware corporation that has its principal place of business in Salt Lake County, Utah. In response, Trillium submitted a bid that Broward County accepted in

August 1995, thereby forming a contract for the conversion of over three-hundred Broward County vehicles.

¶ 4 From October 1995 to September 1996, Broward County issued four purchase orders to Trillium. As part of its efforts to fulfill these orders, Trillium ordered twenty-two compressed natural gas tank cylinders and four compressed natural gas conversion kits from its suppliers. These were subsequently delivered to Broward County for installation. However, Broward County allegedly refused to accept the delivery of these items, in breach of its contract with Trillium, and Trillium was forced to store them in Miami, Florida.

¶ 5 When Broward County allegedly breached its contract, Trillium had converted only fifty-one of the vehicles identified in Broward County's invitation to bid, which formed the basis of the parties' contract. Accordingly, Trillium brought suit against Broward County in the Third District Court, for breach of contract, on April 30, 1999.

¶ 6 Broward County moved to dismiss the case for improper venue. In its memorandum in support of the motion to dismiss, Broward County contended that, under Florida law, this action could be maintained only in Broward County, Florida. Broward County argued that Florida law governed the parties' dispute pursuant to the following provision, entitled "Legal Requirements," contained in the invitation to bid:

> Applicable provisions of all Federal, State, County and local laws, and of all ordinance [sic], rules and regulations including the Procurement of Broward County shall govern development, submittal and evaluation of bids received in response hereto and shall govern any and all claims and disputes which may arise between person(s) submitting a bid in response hereto and Broward County by and through its officers, employees and authorized representatives, or any other person natural or otherwise. Lack of knowledge by any bidder shall not constitute a recognizable defense against the legal effect thereof.

Alternatively, Broward County argued that even if this did not constitute a valid choice of law provision, Florida law would still apply under a legal analysis of choice of law principles.

¶ 7 Trillium responded to Broward County's motion to dismiss by arguing that the case was governed by Utah law rather than Florida law, and that Utah law did not mandate that the action be filed in Broward County. Further, Trillium contended that even if Florida substantive law applied under either the choice of law provision or a choice of law analysis, Utah procedural law still applied. This was dispositive, Trillium argued, because the Florida common law rule requiring an action against a county to be filed in a court within that county was only a procedural rule.

¶ 8 Broward County filed a reply memorandum contending that, even if Utah law applied, dismissal was still appropriate because section 78–13–3 of the Utah Code requires that any action against a county must be "commenced and tried in such county." Utah Code Ann. § 78–13–3 (1996). Further, Broward County contended, principles of comity, which are recognized in Utah law, compelled dismissal in this case.

¶ 9 Trillium filed a motion to strike Broward County's reply memorandum, contending that, in addressing the Utah venue statute applicable to actions against counties and in arguing principles of comity, Broward County had impermissibly raised new arguments in that memorandum. As part of its motion, however, Trillium also filed a response to the merits of Broward County's reply memorandum for the trial court to consider should it elect not to strike the reply memorandum. The trial court did not strike the reply memorandum. Rather, the trial court concluded that the proper venue for the action was in Broward County, Florida, and granted Broward County's motion to dismiss "[f]or the reasons stated in the memoranda submitted by Broward County and for the reasons stated by the Court at oral argument." Trillium appeals.

## DISCUSSION

¶ 10 The basic issue before us is whether the trial court properly granted Broward County's motion to dismiss the action. The trial court determined that Florida law ap-

plied and that, under Florida's common law, venue was only proper in Broward County. The trial court relied on three independent bases in determining that this Florida common law venue rule applied: (1) the parties' contractual choice of law provision, (2) a choice of law analysis, and (3) principles of comity. We conclude that the first two bases do not support the trial court's ruling. The Florida venue rule is procedural, and both the parties' contractual choice of law provision and a choice of law analysis involve only substantive law. Nevertheless, we conclude that the trial court did not exceed its permitted discretion in applying the Florida venue rule under principles of comity, the trial court's third basis for ruling that the Florida common law venue rule applied. Accordingly, the trial court was correct in determining the Florida common law venue rule applied. Further, we conclude that the trial court's application of that rule was correct.

¶ 11 The trial court also concluded, in the alternative, that, even if Utah law governed the dispute, dismissal was proper because section 78–13–3 of the Utah Code required the action to be brought in Broward County. Because we affirm the trial court's ruling that Florida's common law venue rule applies, we do not address the trial court's alternative rationale for dismissal, i.e., that Utah law governed and that, under section 78–13–3 of the Utah Code, venue was only proper in Broward County.[1]

## I. CHOICE OF LAW PROVISION AND CHOICE OF LAW ANALYSIS

¶ 12 In its motion to dismiss, Broward County argued that its contract with Trilli-um contained a choice of law provision requiring that Florida law govern all disputes. Further, Broward County argued that, even absent a binding contractual choice of law provision, Florida law would apply under a common law choice of law analysis. The trial court agreed, ruling that venue was improper because Florida law governed, by virtue of either the contract provision or a choice of law analysis, and, under Florida law, venue was only proper in Broward County.

¶ 13 We agree with the trial court that, under Florida law, venue was only proper in Broward County. As the Florida Supreme Court has stated, "[V]enue in civil actions brought against the state or one of its agencies or subdivisions, absent waiver or exception, properly lies in the county where the state, agency, or subdivision, maintains its principal headquarters." *Carlile v. Game & Fresh Water Fish Comm'n*, 354 So.2d 362, 363–64 (Fla.1977); *see also Florida Pub. Serv. Comm'n v. Triple "A" Enters., Inc.*, 387 So.2d 940, 942 (Fla.1980) ("Absent waiver or exception in civil actions brought against the state, its agencies or subdivisions, venue properly lies in the county of its principal headquarters."); *Lake County v. Friedel*, 387 So.2d 514, 514–15 (Fla.Dist.Ct.App.1980) (recognizing a county's "common law privilege, as a political subdivision of the state, to be prosecuted in a tort action only in [that county]"). While there are exceptions to this rule, *see, e.g., Bd. of County Comm'rs v. Grice*, 438 So.2d 392, 394–95 (Fla.1983), Trillium has not argued that they apply.

---

1. Although we do not address the propriety of the trial court's conclusion that the Utah venue statute found in section 78–13–3 of the Utah Code requires this action to be filed in Broward County, nevertheless, we briefly comment on this basis of the trial court's ruling because of the effect that it and similar rulings have on our ability to review lower court decisions. As is common practice, the trial court in this case, rather than spelling out its reasons for granting Broward County's motion to dismiss, simply dismissed the action "for the reasons stated in Broward County's memoranda and for the reasons stated by the Court at oral argument." Yet, in addressing whether section 78–13–3 mandates that this action be filed in Broward County, the trial court's comments at oral argument appear to be at odds with Broward County's memoranda supporting its motion to dismiss. In its reply memorandum, Broward County argued that the statute required the action to be filed in Broward County. However, at oral argument, the trial court was skeptical, if not dismissive, of such an interpretation. Nevertheless, the trial court's ruling dismissed the action both "for the reasons stated in Broward County's memoranda and for the reasons stated by the Court at oral argument." Because these reasons appear to be, at least in part, in conflict, our task in addressing issues raised on appeal is made needlessly complex. Thus, while we recognize the substantial restraints on trial courts' time and resources, we encourage trial courts to spell out the reasons for their rulings, when feasible, rather than simply stating their reliance on the memoranda submitted to them.

¶ 14 Yet, while we agree with the trial court's interpretation of the Florida venue rule, we disagree with the trial court's conclusion that this rule applies by virtue of either the parties' contractual choice of law provision or a choice of law analysis. We so conclude because, even if we were to assume that Florida law governed the dispute under either the contract provision or a choice of law analysis, this would only apply to the substantive law governing the dispute. *See Morris v. Sykes,* 624 P.2d 681, 684 & n. 3 (Utah 1981) (applying only the substantive law of a foreign state pursuant to a choice of law analysis). We recognize that parties may contract to apply the law of a foreign state to govern their contractual disputes and that a choice of law analysis may dictate the application of the law of a foreign state. Nevertheless, as a general rule, in such situations, "[m]atters of procedure in a contract action are ... governed by the law of the forum." *Id.* at 684 n. 3.[2]

¶ 15 Venue is a procedural rule. *See Floor v. Mitchell,* 86 Utah 203, 41 P.2d 281, 284–85 (1935) (noting a change of venue does not implicate substantive rights); *see also Denver & Rio Grande W.R.R. v. Brotherhood of R.R. Trainmen,* 387 U.S. 556, 563, 87 S.Ct. 1746, 18 L.Ed.2d 954 (1967) (holding amendments to venue provision to be "wholly procedural"); *McCloud Constr., Inc. v. Home Depot USA, Inc.,* 149 F.Supp.2d 695, 699 (E.D.Wis.2001) (noting that "venue is procedural"). Thus, as a procedural rule, venue in this case is governed by Utah law rather than Florida law. Therefore, the trial court erred in ruling that Florida procedural law

governed this dispute because of either the choice of law provision or a choice of law analysis.

¶ 16 This does not end our inquiry, however. The trial court also ruled that dismissal was proper, even if Utah law applies, because (1) Utah's venue statute relating to actions against counties required that this action be brought in Broward County and (2) principles of comity supported application of Florida's common law venue rule. We now turn to the trial court's comity basis for its ruling.

## II. COMITY

¶ 17 Trillium contends the trial court erred in ruling that dismissal was appropriate under principles of comity.[3] We disagree.

¶ 18 As a general rule, we review a motion to dismiss for correctness. *See, e.g., Pendleton v. Utah State Bar,* 2000 UT 96, ¶ 5, 16 P.3d 1230. However, in applying principles of comity, we believe it is proper to give the trial court broad discretion. *See Mori v. Mori,* 931 P.2d 854, 856 (Utah 1997) (noting that comity " 'is a matter that calls for the exercise of judicial discretion' " (quoting *Pan Energy v. Martin,* 813 P.2d 1142, 1146 (Utah 1991))); *see also Jackett v. Los Angeles Dep't of Water & Power,* 771 P.2d 1074, 1075 (Utah Ct.App.1989) (stating that because "[t]he decision to apply comity in a particular case is fact sensitive ... courts have consistently found that the decision to apply comity rests within the sound discretion of the trial court"). We conclude the

---

2. An exception to this general rule has been recognized for cases in which the parties have entered into a contract that *"expressly* provides for application of [a foreign] state's [procedural law]." *Financial Bancorp, Inc. v. Pingree & Dahle, Inc.,* 880 P.2d 14, 16 n. 2 (Utah Ct.App. 1994). We need not rule on the validity of this exception because, in this case, whatever else the parties' contract entails, it does not contain an express provision stating that Florida procedural law governs disputes between the parties. Thus, we apply the general rule under which the law of the forum governs matters of procedure in a contract action.

3. Trillium contends that the trial court should not have considered this basis for its ruling at all because it was first raised in Broward County's reply memorandum. We disagree. The princi-

pal reason we do not allow an issue to be first raised in a reply memorandum is because it is unfair to the opposing party to have no opportunity to respond. That is not a concern here because Trillium did, in fact, respond. Also, as a matter of judicial economy, where there is no prejudice (i.e., where the opposing party is able to respond) and where the issues could be raised simply by filing a separate motion to dismiss, the trial court has discretion to consider arguments raised for the first time in a reply memorandum. Therefore, we believe the trial court should be given discretion in a situation such as this to consider arguments raised in a reply memorandum. Further, we conclude the trial court acted within its discretion in considering the arguments raised for the first time in Broward County's reply memorandum.

trial court acted within its permitted discretion in dismissing this case on principles of comity.

¶ 19 "Comity is a principle under which the courts of one state give effect to the laws of another state ... not as a rule of law, but rather out of deference or respect." *Hawsey v. Louisiana Dep't of Soc. Servs.*, 934 S.W.2d 723, 726 (Tex.App.1996). Courts apply principles of comity "to foster cooperation, promote harmony, and build goodwill." *Id.* In determining whether it is appropriate to extend comity in a given case, "[o]f primary importance [to Utah courts] is whether [Utah's] public policies ... would be contravened if comity were extended." *Jackett*, 771 P.2d at 1076.

¶ 20 Trillium contends that the extension of comity undermines Utah's public policy of providing its citizens with a forum to redress their grievances, as evidenced by Utah's long-arm statute. *See* Utah Code Ann. § 78–27–22 (1996). We disagree. We recognize that the long-arm statute requires Utah courts to extend their jurisdiction "to the fullest extent allowed by due process of law." *Starways, Inc. v. Curry*, 1999 UT 50, ¶ 7, 980 P.2d 204 (quoting *Synergetics v. Marathon Ranching Co.*, 701 P.2d 1106, 1110 (Utah 1985)). Nevertheless, the long-arm statute does not go so far as to require a court to exercise that jurisdiction whenever possible. Put another way, the long-arm statute requires trial courts to recognize the full scope of their jurisdiction, but it does not require them to exercise that jurisdiction in the face of countervailing policies, such as principles of comity. Accordingly, numerous courts have held that the fact that an action fits within a state's long-arm statute does not prohibit the extension of comity. *See, e.g., Univ. of Iowa Press v. Urrea*, 211 Ga.App. 564, 440 S.E.2d 203, 204 (1993) (applying comity "[n]otwithstanding the existence of jurisdiction" by minimum contacts); *Liquid Carbonic Corp. v. City of New York*, 150 N.J.Super. 119, 374 A.2d 1258, 1259 (App. Div.1977); *K.D.F. v. Rex*, 878 S.W.2d 589, 595–96 (Tex.1994) ("Identification of minimum jurisdictional contacts under the long-arm statute does not determine whether [the forum state] should decline jurisdiction in the interest of comity."); *Hawsey*, 934 S.W.2d at 726 (citing *Rex*, 878 S.W.2d at 595–96). Indeed, the existence of jurisdiction is not inconsistent with the extension of comity, but rather is a necessary predicate to it: if a court lacks jurisdiction, it does not have the authority or the need to consider whether to dismiss the case under the principles of comity.

¶ 21 In addition to not contravening Utah public policy concerning jurisdiction, the trial court's application of Florida law governing venue is consistent with Utah law and public policies related to venue. Utah and Florida have similar venue provisions for suits against counties. *Compare* Utah Code Ann. § 78–13–3 (1996) (providing that "an action against a county may be commenced and tried in such county. ..."), *with Carlile v. Game & Fresh Water Fish Comm'n*, 354 So.2d 362, 366 (Fla.1977) (holding that "[a]bsent waiver or exception, venue in civil actions brought against the state or one of its subdivisions properly lies in the county where the state, agency, or subdivision, maintains its principal headquarters"). Thus, in applying Florida law governing venue, the trial "court was applying [law] consonant with Utah public policy; such [law] would be applied to Utah government entities sued in Utah as well as [Florida] entities sued in [Florida]." *Jackett*, 771 P.2d at 1077.

¶ 22 Moreover, section 78–13–3 evidences a public policy in favor of permitting Utah county officials to defend lawsuits against the county in that county. If we extend comity to Broward County, this will increase the likelihood that, in the future, other states will apply section 78–13–3 to dismiss similar suits brought against Utah counties. *See, e.g., Rex*, 878 S.W.2d at 594 (stating that "Texas should not extend comity to another state so long as that state declines to extend comity to Texas or other states under the same or similar circumstances" (footnote omitted)). Extending comity to Florida will thus tend to "foster cooperation, promote harmony and build goodwill" with Florida and other states. *Jackett*, 771 P.2d at 1076.

¶ 23 Furthermore, the application of principles of comity under Utah law, which, in turn, leads to application of the Florida venue rule, does not deny Trillium a cause of action. Rather, it simply dictates the forum

for that action. The trial court's recognition of this principle properly affords respect for our sister state, Florida, by allowing Trillium's claim against Broward County, a subdivision of Florida, to be "litigated by that state's own courts." *Id.* at 1076. Accordingly, we conclude that the trial court acted within its permitted discretion in applying principles of comity.

## CONCLUSION

¶ 24 We affirm the trial court's dismissal of Trillium's action. The trial court acted within its permitted discretion in applying principles of comity to dismiss the suit.

¶ 25 Chief Justice HOWE, Justice DURHAM, Justice WILKINS, and Judge BEACHAM concur in Justice DURRANT'S opinion.

¶ 26 Having disqualified himself, Associate Chief Justice RUSSON does not participate herein; District Judge G. RAND BEACHAM sat.