ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

January 14, 2009

The Honorable D. Matt Bingham
Smith County Criminal District Attorney
100 North Broadway, 4ᵗʰ Floor
Tyler, Texas 75702

Opinion No. GA-0691

Re: Whether a state judge is authorized to permit felony and misdemeanor probationers to travel temporarily outside the state or to reside outside the state (RQ-0723-GA)

Dear Mr. Bingham:

You ask two questions related to a judge's authority to grant probationers permission to travel or reside outside of the state and the potential liability that may result therefrom.[1] You first ask whether article 42.12 of the Code of Criminal Procedure authorizes judges to allow probationers to travel or relocate outside of the state.[2] *See* Request Letter at 2. In article 42.12, the Legislature provided courts with broad discretion to set the terms of a defendant's community supervision:

> The judge of the court having jurisdiction of the case shall determine the conditions of community supervision and may, at any time, during the period of community supervision alter or modify the conditions. The judge may impose any reasonable condition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(a) (Vernon Supp. 2008). The Legislature included in its non-exhaustive list of possible conditions a condition that the defendant "[r]emain within a specified place." *Id.* at § 11(a)(7). The Legislature also provided that "[a]ny defendant who removes himself from the state without permission of the judge having jurisdiction of the case shall be considered a fugitive from justice and shall be subject to extradition as provided by law." *Id.* § 17(b). By authorizing judges to order defendants to remain in a specified place and to prevent defendants from leaving the state without permission, the Legislature authorized judges to grant permission for those same defendants to travel or relocate. Thus, through article 42.12, the Legislature has given judges broad discretion to issue orders permitting probationers to travel or relocate outside the state.

---

[1]Request Letter (*available at* http://www.texasattorneygeneral.gov).

[2]Although you ask about "probation," article 42.12 instead uses the term "community supervision" to refer to probation in its various forms. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 2(2) (Vernon Supp. 2008).

Your second question asks whether other states must "recognize the full scope of judicial immunity granted by Texas to judges" in instances where those judges may be sued for allowing a probationer to travel or relocate outside of the state. *See* Request Letter at 2. We have been unable to find any authority directly addressing this question. However, established federal law recognizes that "judges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978); *Bradley v. Fisher*, 80 U.S. 335, 351 (1871). In instances similar to that about which you inquire, state courts have found immunity to exist through the doctrine of comity. *See, e.g., Hansen v. Scott*, 687 N.W.2d 247, 250 (N.D. 2004). We accordingly find a basis by which courts of other states could recognize the immunity granted to Texas judges for their judicial acts; however, such decisions would, in the first instance, be decided by judges of other states.

## S U M M A R Y

Through Code of Criminal Procedure article 42.12, the Legislature has authorized judges to determine the conditions of community supervision, including conditions about where the probationer may live and travel. This provision gives judges broad discretion to issue orders permitting probationers to travel or relocate outside the state.

Established common law provides that judges are not liable to civil actions for their judicial acts, and thus, it is likely that courts of other states would recognize the full scope of judicial immunity granted to Texas judges. However, this is a question for those courts to decide in the first instance.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee