*This opinion is subject to revision before final publication in the Pacific Reporter*

**2019 UT 67**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

TAMARA MONICA GALINDO,
*Appellant,*

*v.*

CITY OF FLAGSTAFF, ARIZONA and JEROLYN BYRNE,
*Appellees.*

No. 20180346
Heard September 18, 2019
Filed November 1, 2019

On Direct Appeal

Fourth District, Provo
The Honorable James R. Taylor
No. 170401281

Attorneys:

Shane D. Gosdis, Murray, for appellant

Terry M. Plant, Stewart B. Harman, Matthew D. Church,
Salt Lake City, for appellees

JUSTICE HIMONAS authored the opinion of the Court in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE LEE,
JUSTICE PEARCE, and JUSTICE PETERSEN joined.

JUSTICE HIMONAS, opinion of the Court:

## INTRODUCTION

¶1 Can a Utah resident, injured in Utah by an Arizona municipal employee, file a claim against that employee and the municipality after the time to do so has expired under Arizona law but not under Utah law? The answer lies in principles of comity, which create a rebuttable presumption that in circumstances like these, our courts enforce our sister states' laws unless they violate Utah public policy.

¶2 Arizona's law is not so violative. Therefore, we agree with the district court that comity should be extended and hold that the district court properly dismissed Galindo's claim for failure to timely file a notice of claim.

## BACKGROUND

¶3 On September 9, 2016, Tamara Galindo, a Utah resident, and Jerolyn Byrne were involved in a motor vehicle accident in Orem, Utah. The parties stipulated that at the time of the accident, Byrne was acting in the course and scope of her employment with the City of Flagstaff, Arizona (City).

¶4 Three hundred and sixty-four days after the accident, on September 8, 2017, Galindo served a notice of claim on the City, complying with the Governmental Immunity Act of Utah's one-year notice of claim period that applies in suits against Utah municipalities. UTAH CODE § 63G-7-402. The City and Byrne moved to dismiss, arguing that the district court lacked subject matter jurisdiction because Galindo did not serve her notice of claim within six months as required by Arizona's Actions Against Public Entities or Public Employees Statute (Statute or Arizona Statute) — Arizona's governmental immunity statute. *See* ARIZ. REV. STAT. § 12-821.01. The City argued that the district court should apply the Statute as a matter of comity. The district court agreed, applying the Arizona Statute and ruling that it lacked subject matter jurisdiction because Galindo failed to comply with the Statute's six-month notice of claim requirement. Galindo appealed.

¶5 We exercise jurisdiction under Utah Code section 78A-3-102(3)(j).

## STANDARD OF REVIEW

¶6 Generally, "we review a motion to dismiss for correctness. However, in applying principles of comity," we have traditionally afforded the district court "broad discretion." *See Trillium USA, Inc. v. Bd. of Cty. Comm'rs*, 2001 UT 101, ¶ 18, 37 P.3d 1093 (internal citations omitted).

¶7 We recognize, however, that courts around the country differ on what standard of review applies in comity decisions. Most courts review comity decisions for abuse of discretion, as we have done. *See, e.g.*, *In re Sealed Case*, 932 F.3d 915, 934 (D.C. Cir. 2019); *Derr v. Swarek*, 766 F.3d 430, 436 (5th Cir. 2014); *Univ. of Iowa Press v. Urrea*, 440 S.E.2d 203, 204 (Ga. Ct. App. 1993); *First Midwest Corp. v. Corp. Fin. Assocs.*, 663 N.W.2d 888, 890–91 (Iowa 2003). But others apply

mixed standards or review such decisions de novo. *See Quaak v. Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren*, 361 F.3d 11, 16 (1st Cir. 2004) ("This is an intermediate level of scrutiny, more rigorous than the abuse-of-discretion or clear-error standards, but stopping short of plenary or de novo review." (internal quotation marks omitted) (emphasis omitted)); *Montaño v. Frezza*, 393 P.3d 700, 704 (N.M. 2017) ("We apply a mixed standard of review to questions of comity. While a district court's decision to extend comity in a given case is subject to de novo review, we also analyze any fact-intensive aspects of the district court's comity analysis under a more deferential abuse of discretion standard." (internal citation omitted)); *Gesinger v. Gesinger*, 531 N.W.2d 17, 19 (S.D. 1995) ("Comity is a question of jurisdiction which is reviewed de novo.").

¶8 The arguments for a stricter standard of review are far from meritless, chiefly because comity involves issues of law and is not merely a fact-driven decision. *See Montaño*, 393 P.3d at 704. However, as the parties have not briefed this issue, and because we would reach the same outcome regardless of the standard applied, we leave this matter for a future, appropriate case. *See Mobley v. Arkansas*, No. W2017-02356-COA-R3-CV, 2019 WL 117585, at *24 n.6 (Tenn. Ct. App. Jan. 7, 2019) (surveying the different approaches but deciding not to reach the issue).

## ANALYSIS

¶9 The only issue presented in the district court and currently before us is whether we should extend comity to apply the Arizona Statute.[1] The parties dispute whether extending comity here—which will bar Galindo's claim as untimely—violates Utah's public policy.

---

[1] Another relevant framework for analysis of the underlying issue is choice of law. We previously suggested that comity, a discretionary doctrine, could supersede a choice-of-law analysis. *See Trillium USA, Inc. v. Bd. of Cty. Comm'rs*, 2001 UT 101, ¶¶ 14–16, 37 P.3d 1093. Other courts also seem to follow suit. *See, e.g., Coleman v. Clark*, 322 F. Supp. 3d 1, 5 n.1 (D.D.C. 2018); *Montaño v. Frezza*, 393 P.3d 700, 703 n.2 (N.M. 2017); *Hansen v. Scott*, 687 N.W.2d 247, 251 (N.D. 2004). But as with the standard of review, we see no reason to affirmatively determine this issue as the parties did not address it, and therefore it does not impact the outcome of this case.

We hold that it does not. Therefore, comity was properly extended, and Galindo's claim was rightfully dismissed for its untimeliness.[2]

---

[2] While this case was pending on direct review before this court, the United States Supreme Court issued *Franchise Tax Board of California v. Hyatt*, which held, "States retain their sovereign immunity from private suits brought in the courts of other States." 139 S. Ct. 1485, 1492 (2019) (overruling *Nevada v. Hall*, 440 U.S. 410, 426 (1979), which held that states were not required to recognize the sovereign immunity of their sister states). We requested supplemental briefing from the parties as to the effect of *Hyatt* on this case.

Despite our request and the parties' appreciated briefings, we need not address that sea change in sovereign immunity practice because "municipalities, unlike States, do not enjoy a constitutionally protected immunity from suit" under the Eleventh Amendment of the United States Constitution. *Jinks v. Richland Cty.*, 538 U.S. 456, 466 (2003); *see also Alden v. Maine*, 527 U.S. 706, 756 (1999).

It is important to clarify that sovereign immunity does not flow from the Eleventh Amendment. Sovereign immunity is a concept the founders "took as given." *Hyatt*, 139 S. Ct. at 1493–94. At first, courts held that sovereign immunity extended to political subdivisions. However, courts found ways to chip away at its scope, until it became a rarity. In response, legislatures enacted governmental immunity statutes. Some scholars explain these statutes as waivers of an immunity that was traditionally understood to exist. *See* John W. Creer, *The Utah Governmental Immunity Act: An Analysis*, 1967 UTAH L. REV. 120, 121–22; Adam Goldstein, *Recent Legislative Development: IV. Tort Law: A. Governmental Immunity Act of Utah*, 2005 UTAH L. REV. 380, 380. This court, prior to the enactment of the Governmental Immunity Act of Utah, viewed the matter similarly. *See, e.g., Niblock v. Salt Lake City*, 111 P.2d 800, 801 (Utah 1941) ("It is generally recognized throughout this country and in England that in the absence of a statute a municipality is not liable for the negligent acts of its servants while they are engaged in performing a governmental function or duty."). Yet other scholars argue that courts abandoned the view that sovereign immunity extends to political subdivisions, and the governmental immunity acts establish such immunity and do not simply waive it. *See* Fred Smith, *Local Sovereign Immunity*, 116 COLUM. L. REV. 409, 424–29 (2016).

Under either of these interpretations of the development of political subdivision immunity, *Hyatt*—which addressed

(continued…)

¶10 Comity is "a principle under which the courts of one state give effect to the laws of another state . . . not as a rule of law, but rather out of deference or respect." *Trillium USA, Inc. v. Bd. of Cty. Comm'rs*, 2001 UT 101, ¶ 19, 37 P.3d 1093 (alteration in original) (quoting *Hawsey v. La. Dep't of Soc. Servs.*, 934 S.W.2d 723, 726 (Tex. Ct. App. 1996)); *see also Nevada v. Hall*, 440 U.S. 410, 426 (1979).

¶11 We initially presume comity should be extended to our sister states' governmental immunity acts.[3] Other courts have taken a similar approach. *See, e.g., Sam v. Sam*, 134 P.3d 761, 767 (N.M. 2006) ("As a general rule, comity should be extended. Only if doing so would undermine New Mexico's own public policy will comity not be extended."); *Hyde v. Hyde*, 562 S.W.2d 194, 196 (Tenn. 1978) ("The rule of comity to be gleaned from these cases is that, where the law of another jurisdiction is applicable, Tennessee will enforce the substantive rights which litigants have under the laws of the other jurisdiction if such rights are not contrary to the policy of Tennessee."). The goals of this presumption include fostering cooperation, promoting harmony, and building goodwill among the states. *Trillium*, 2001 UT 101, ¶ 19; *see also Lee v. Miller Cty.*, 800 F.2d 1372, 1375 (5th Cir. 1986).

¶12 The party seeking to rebut this presumption must show that the extension of comity "contravene[s]" or "undermines" Utah's public policy.[4] *Trillium*, 2001 UT 101, ¶¶ 19–20. And it must be "sufficiently offensive" to our public policy "to outweigh the principles of comity." *Sam*, 134 P.3d at 766.

---

constitutionally protected sovereign immunity—does not apply to political subdivisions. The principles set forth in *Hall* continue to govern a state's governmental immunity grant to its political subdivisions and the respect that should be attributed to it by other states.

[3] With this statement, we make explicit what has been implicit in our jurisprudence. *See Trillium*, 2001 UT 101, ¶ 19; *Jackett v. L.A. Dep't of Water & Power*, 771 P.2d 1074, 1075–76 (Utah Ct. App. 1989).

[4] When, as here, the legislature has not directly answered the public policy question before us we are left with a gap in our legislation. In order to fill that gap, we engage in common-law reasoning—inferring whatever public policy we can glean from legislation in the general field, and filling in the gap with our best assessment of likely policies that the legislature would embrace, or that we find to be prudent public policy in that context.

¶13 Galindo offers two arguments in an attempt to rebut this presumption. First, she argues that the notice of claim time bar under the Arizona Statute, which is six months shorter than Utah's respective time bar, violates Utah's public policy. Second, she argues that applying comity to effectively bar a Utah plaintiff from recovery also violates our public policy. We are unpersuaded by either argument. We address them below in turn.[5]

¶14 First, in general, statutes do not reflect different policies merely because they have different time constraints on filing.[6] Both Utah and Arizona have conditioned suits against the state and its political subdivisions by requiring timely filing of a notice of claim within a relatively short period.[7] By doing so, they balanced

---

[5] Other states, like New Mexico, have outlined factors for district courts to consider when determining whether comity is violative of public policy, based on decisions from around the country. *See Sam*, 134 P.3d at 767. These factors are reflected in a decision by our court of appeals. *See Jackett*, 771 P.2d at 1076.

In past cases we followed the parties' attempts at rebutting the presumption that comity extends. *Trillium*, 2001 UT 101, ¶¶ 20–21. But even so, these factors were guiding our analysis, not as elements to consider or not, but rather as examples of public policies we might infer from legislation in the general field and from our gap-filling, common-law analysis. For example, we might determine that the legislative scheme is designed "to give primary regard to the rights of [our] own citizens." *Jackett*, 771 P.2d at 1076. This would mean that comity would be inappropriate. We might, on the other hand, find that legislation in the general field aimed to minimize forum shopping. *See id.* In that case, comity extension might be viewed as far more suitable. Our analysis of Galindo's arguments below is informed by these examples.

[6] There may be, of course, limits to this general statement. For example, where there is a significant difference, as between a very short statute of limitations and a very lengthy one or none at all, extending comity may contravene public policy. This is not the case here.

[7] The limitations posed by the two states only govern suits against their own governmental entities. The Utah and Arizona legislatures have not expressed their views as to applicability of these limitations on a foreign governmental entity. In addition, it is

(continued…)

competing policies. On the one hand, they allow residents to recover for injuries, even when those are committed by governmental entities. On the other hand, they permit government entities an opportunity to investigate claims, avoid payment of false claims, and protect the public treasury. *See Sweet v. Salt Lake City*, 134 P. 1167, 1171 (Utah 1913) ("One of the principal objects of the statute is to prevent spurious claims from being paid, and, in order to fully accomplish that purpose, to give the city officials ample opportunity to examine into both the cause and extent of the injury and also to test the good faith of the claimant in presenting the claim."); *Hall v. Dep't of Corr.*, 2001 UT 34, ¶¶ 14, 23, 24 P.3d 938; *Lee v. Arizona*, 182 P.3d 1169, 1173 (Ariz. 2008) ("A notice of claim serves to give the government notice of potential liability, an opportunity to investigate claims, the chance to avoid costly litigation through settlement, and assistance in budgeting.").

¶15 Although both states waive governmental immunity to an extent, they differ in the time limit posed for notice of claim filing. Utah limits the time to submit a notice of claim against governmental entities to one year. UTAH CODE § 63G-7-402. Our courts treat this time restriction strictly and view the failure to timely file a notice of claim as a jurisdictional bar to a suit.[8] *See, e.g.*, *Wheeler v. McPherson*, 2002 UT 16, ¶ 11, 40 P.3d 632; *Hall*, 2001 UT 34, ¶ 23. Arizona mandates a shorter period—six months (180 days). ARIZ. REV. STAT. § 12–821.01(A). But the Arizona courts view the period as more flexible, allowing for its waiver, forfeiture, and equitable tolling,

---

not clear that a state legislature can regulate extraterritorial litigation. This statutory void is exactly where the doctrine of comity comes into our jurisprudence. *See Pan Energy v. Martin*, 813 P.2d 1142, 1146 (Utah 1991) ("[T]he Legislature has removed this issue from the realm of comity and judicial discretion by directing that foreign judgments shall be treated the same as local judgments once they have been filed in this state.").

[8] Galindo asks us to follow Utah law regarding the notice of claim requirement because it is procedural, like any other statute of limitations. *See Fin. Bancorp, Inc. v. Pingree & Dahle, Inc.*, 880 P.2d 14, 16 (Utah Ct. App. 1994). We decline the invitation. First, this argument is one of choice of law and not comity. Second, it ignores that in Utah we view the notice of claim requirement in Utah Code section 63G-7-402 as a substantive requirement. *Davis v. Cent. Utah Counseling Ctr.*, 2006 UT 52, ¶¶ 42–44, 147 P.3d 390.

when appropriate. *See Pritchard v. State*, 788 P.2d 1178, 1183 (Ariz. 1990) (en banc) ("[T]he time element with respect to filing is essentially procedural in nature ... [and] is subject to waiver, estoppel and equitable tolling.").[9] As a result, the Arizona notice of claim period may extend beyond six months, closing the gap between the two states' time limitations.

¶16 This possibility, together with the small difference in the time restrictions to begin with, leads us to hold that the difference in the notice of claim periods does not violate Utah's public policy.

¶17 Second, Galindo argues that other courts have declined to extend comity when the outcome of such an extension would deprive a forum state litigant of recovery. She offers four cases to support this argument. None are instructive.

¶18 Two of the cases address a complete bar from suit in the jurisdiction that would receive comity. *See Biscoe v. Arlington Cty.*, 738 F.2d 1352, 1357 (D.C. Cir. 1984); *Mianecki v. Second Judicial Dist. Court*, 658 P.2d 422, 424 (Nev. 1983). This is not the case here. Galindo never claimed she was completely barred from suit according to the Arizona Statute. If she had filed within the six-month period, her claim would not be time-barred. Additionally, Galindo does not dispute that her counsel contacted the City well before the six months to file a notice of claim expired. Under these circumstances, ruling that comity does not extend would encourage forum-shopping—something that comity is meant to prevent. *See Jackett v. L.A. Dep't of Water & Power*, 771 P.2d 1074, 1077 (Utah Ct. App. 1989); *see also Montaño v. Frezza*, 393 P.3d 700, 710 (N.M. 2017).

¶19 The two other cases are also unhelpful for Galindo for several reasons. First, they both address sovereign immunity and not governmental immunity. These are distinct immunities and should not be conflated. *See supra* ¶ 9 n.2. Second, the court in *Schoeberlein v. Purdue University*, actually extended comity after finding that both Illinois and Indiana had similar sovereign immunity protection and such extension was not "inconsistent" with Illinois public policy. 544 N.E.2d 283, 287–88 (Ill. 1989). Third, *Peterson v. Texas* offers virtually nothing but a conclusory statement of comity that is antithetical to

---

[9] Galindo did not argue below, and has not argued on appeal, that waiver, estoppel, or equitable tolling prevents the application of Arizona Revised Statutes section 12-821.01(A) in this case. We do not opine whether she could still make such claims in an Arizona court.

our comity jurisprudence: anytime "a citizen of this state" is "injured in this state and sues in the courts of this state, there is no immunity, by law or as a matter of comity." 635 P.2d 241, 243 (Colo. App. 1981). Carried to its logical conclusion, this view would largely eviscerate the doctrine of comity, which we are not interested in doing.

¶20 In sum, Galindo has failed to rebut the presumption of comity.

## CONCLUSION

¶21 Comity was rightfully extended, and the district court correctly applied the Arizona Statute. Galindo failed to comply with the Statute's notice of claim requirement. Accordingly, Galindo's action is untimely and must be dismissed.